OSCN Found Document:AMERICAN NATURAL RESOURCES, LLC v. EAGLE ROCK ENERGY PARTNERS, L.P.

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 AMERICAN NATURAL RESOURCES, LLC v. EAGLE ROCK ENERGY PARTNERS, L.P.
2016 OK 67
Case Number: 113105
Decided: 06/14/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 67, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

AMERICAN NATURAL RESOURCES, LLC, an Oklahoma limited liability company, Respondent/Appellant,
v.
EAGLE ROCK ENERGY PARTNERS, L.P., a Delaware limited partnership, and EAGLE ROCK MID-CONTINENT OPERATING, LLC, a Delaware limited liability company, EAGLE ROCK MID-CONTINENT HOLDING, a Delaware limited liability company, EAGLE ROCK MID-CONTINENT ASSET, LLC, a Delaware limited liability company, EAGLE ROCK ENERGY GP, L.P., a Delaware limited liability company, EAGLE ROCK ENERGY G&P, LLC, a Delaware limited liability company, Petitioners/Appellees.

ON CERTIORARI FROM THE COURT OF CIVIL APPEALS,
DIVISION IV

¶0 Parties to an agreement regarding an area of mutual interest for the purposes of oil and gas exploration sought to determine their respective rights under the agreement. The agreement gave the respondents here the right to participate in wells in futuro. The petitioners here urged that the provision violated the rule against perpetuities. The district court agreed and granted judgment to the petitioners. The Court of Civil Appeals affirmed in part and reversed in part the district court and remanded the matter for further proceedings. This Court granted certiorari.

COURT OF CIVIL APPEALS' OPINION VACATED; 
DISTRICT COURT'S ORDER AFFIRMED.

Bradley K. Beasley, Boesche McDermott, LLP, Tulsa, Oklahoma; David A. Sturdivant, Cori D. Powell, Barrow & Grimm, P.C., Tulsa, Oklahoma; John W. Garland, Pain & Garland, Anadarko, Oklahoma; for Appellants.

Graydon Dean Luthey, Jr., Terry D. Ragsdale, Bradley W. Welsh, Tammy D. Barrett, Gable & Gotwals, Tulsa, Oklahoma, for the Appellees.

TAYLOR, J., 

¶1 The questions before this Court are whether a clause in an agreement giving a limited liability company the right to participate in all future wells on unleased property violates Article II, Section 32 of the Oklahoma Constitution prohibiting perpetuities and whether a limited liability company is a life in being for purposes of Article II, Section 32 of the Oklahoma Constitution. We answer the first question in the affirmative and the second question in the negative. We find that the district court did not commit error in granting a motion to dismiss based on these two questions.

I. BACKGROUND AND ALLEGATIONS

¶2 On August 23, 2005, Defendants' predecessor in interest, Encore Operating, L.P. and American Natural Resources (ANR), entered into a letter agreement with an effective date of September 1, 2005, regarding the development of an "area of mutual interest" (AMI). ANR agreed to assign Encore leases in the AMI, and, in exchange, Encore agreed to (1) drill a test well, (2) pay $350.00 per acre with "ANR delivering no less than seventy-eight percent (78%) net revenue interest," (3) allow ANR the option of participating in the test well, (4) give ANR a twelve and one half percent back-in after payout on the initial test well, (5) "pay $100,000 regarding the pooling covering the drillsite of the test well," and (6) allow ANR to participate in all future wells drilled in the AMI at any time whether or not the parties held a current lease. Defendants became Encore's successor in interest to the agreement by acquiring Encore's interest in the AMI.

¶3 The provision allowing ANR to participate in future wells (Option Provision) is at the heart of this controversy. It provides:

2. In all subsequent wells within the AMI, ANR shall have the right to participate in the prospect area with a twenty-five percent (25%) working interest . . . .

ANR contends that Defendants have drilled and completed seventeen wells in the AMI without allowing ANR to participate in breach of this provision.

II. PROCEDURAL HISTORY

¶4 ANR claimed damages for breach of contract and for intentional interference with prospective economic benefits, sought a declaration that it is entitled to participate in future wells drilled in the AMI, and sought an accounting of all expenses and revenues relating to the AMI since the date of the agreement. Defendants filed a motion to dismiss for failure to state a claim, urging that the rule against perpetuities prevented ANR from enforcing the Option Provision. ANR responded that the rule against perpetuities (1) does not apply to oil and gas operating agreements and (2) does not apply to the Option Provision because oil and gas production is always of limited duration. After holding a hearing, the district judge granted Defendants' motion to dismiss.

¶5 The Court of Civil Appeals affirmed in part and reversed in part. The Court of Civil Appeals remanded the case so that ANR could amend it's pleadings and for a determination of "whether, if alleged, a personal contract and a specific or perpetual organization life, together or separately, suffice to create an exception to the application of the Rule Against Perpetuities as set out in Producers Oil Co. v. Gore, 1980 OK 62, 610 P.2d 772." Defendants filed a petition for certiorari which this Court granted.

III. STANDARD OF REVIEW

¶6 This Court subjects a trial court's judgment dismissing a petition to de novo review. Darrow v. Integris Health, Inc., 2008 OK 1, ¶ 7, 176 P.3d 1204, 1208. When evaluating a motion to dismiss, the court examines only the controlling law, not the facts. Id. Thus, the court must take as true all of the challenged pleading's allegations together with all reasonable inferences that can be drawn from them. Id. Motions to dismiss are generally disfavored and granted only when there are no facts consistent with the allegations under any cognizable legal theory or there are insufficient facts under a cognizable legal theory. Id. We review the motion to dismiss under this standard.

IV. ANALYSIS

¶7 The rule against perpetuities is embedded in the Oklahoma Constitution at Article II, Section 32, which provides:

Perpetuities and monopolies are contrary to the genius of a free government, and shall never be allowed, nor shall the law of primogeniture or entailments ever be in force in this State.

In Melcher v. Camp, 1967 OK 239, 435 P.2d 107, this Court recognized that Article II, Section 32 was an adoption of the common-law rule against perpetuities. The Melcher Court adopted the "most universally accepted short definition of the common-law rule against perpetuities:"

No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest.

Id. ¶ 18, 435 P.2d at 111 (quoting John Chipman Gray, The Rule Against Perpetuities 191 (4th ed. 1942)).

A. The Rule Against Perpetuities and 
Joint Operating Agreements with Options

¶8 The common-law rule against perpetuities applies to property rights, but does not apply to contracts which are entirely personal. Melcher, 1967 OK 239, ¶ 27, 435 P.2d at 112. ANR urges, in this respect, that this common-law rule does not apply to a joint operating agreement (JOA), citing Producers Oil Co. v. Gore, 1980 OK 62, ¶ 10, 610 P.2d 772, 774. Producers Oil Co. recognized that a JOA, while contractual in nature, may include provisions that convey a property interest as well, such as preemptive rights which must be scrutinized under the common-law rule against perpetuities. Id. ¶ 9, 610 P.2d at 774. Thus, a JOA, which covers a well's operations, generally does not include an AMI agreement, but an AMI agreement may be included in a JOA. Here, a JOA is not before this Court, but we are presented with a stand-alone AMI agreement.

¶9 We examine whether the relevant provision in this case creates a property right subject to Article II, Section 32's constitutional perpetuity prohibition. ANR alleged in its petition that it had a "right to participate for a 25% working interest in each of the Disputed Wells as well as in all future wells within the AMI drilled in the future by [Defendants]," which would include wells drilled on leases procured in the future within the AMI.

¶10 Defendants rely primarily on Melcher v. Camp, 1967 OK 239, 435 P.2d 107, in support of their position that the Option Provision creates a property right subject to the rule against perpetuities. In Melcher, the parties entered into an oil and gas top lease covering the upper 5,500 feet of certain property. A separate agreement provided:

"The parties further mutually agree that in the event [the lessors] shall at any time have an opportunity to lease the oil, gas and other minerals and mineral rights below 5500 feet, [the lessee] is to be given a five day option of acquiring such lease himself on the same terms and conditions offered to [the lessors]."

Id. ¶ 2, 435 P.2d at 109. This Court found that the provision giving the lessors a preemptive option was void as violating of the rule against perpetuities. Id. ¶ 44, 435 P.2d at 115. The factors the Court considered were (1) the option was contained in a separate agreement, id. ¶ 2, 435 P.2d at 109, and, therefore, did not terminate with an existing lease agreement, (2) there was no connection between the lease option and an existing lease other than the covered areas were vertically contiguous and they required the use of some surface area, id. ¶ 6, 435 P.2d at 109, (3) the lease option was not a renewal of an existing lease, id., (4) the lease option was based on a condition precedent which might never occur, id. ¶ 7, 435 P.2d at 109, (5) the lessors gave up their right to sell to whomever they wanted, id. ¶ 9, 435 P.2d at 110, and (6) conveyance of a lease to the mineral rights below 5,500 feet to a third party would be a breach of the separate agreement. Id. Thus, the option created an interest in property. Id. ¶ 36, 435 P.2d at 114.

¶11 ANR relies on Producers Oil Co. v. Gore, 1980 OK 62, 610 P.2d 772, in support of its position that the Option Provision is not subject to and, thus, does not violate the rule against perpetuities. In Producers Oil Co., the JOA contained the following provision:

15. "Should any Non-Operator desire to sell the interest, or any part thereof, owned by such Non-Operator in the oil and gas lease, or leases, hereinabove described, such Non-Operator shall promptly give written notice to Operator with full information concerning such proposed sale, including the name and address of the prospective purchaser (who must be ready, willing and able to purchase), the purchase price and all other terms of the offer. Operator shall then have an optional prior right for a period of ten days after receipt of the notice to purchase on the same terms and conditions, the interest which such Non-Operator proposes to sell. . . ."

Id. ¶ 1, 610 P.2d at 773. This Court found that this provision was a preemptive option and upheld the provision against a rule-against-perpetuities attack, finding that the exception stated in Melcher, 1967 OK 239, ¶ 44, 435 P.2d at 115, in treatises, and in Section 395 of the Restatement of Property applied. The exception provides: "[W]hen the option to purchase the fee is contained in the lease and is exercisable within the term of the leasehold interest impressed upon the property, it is not subject to the rule against perpetuities." Melcher, 1967 OK 239 at ¶ 44, 435 P.2d at 115; Producers Oil Co., 1980 OK 62, ¶17, 610 P.2d at 775.

¶12 Producers Oil Co. distinguished the option in Melcher.

In Melcher the preemptive rights were not a part of an operating agreement dependent upon a lease. The rights in Melcher would vest only if a new lease was offered. The preemption did not apply to previously leased property but to unleased vertically contiguous property. In Melcher only one party held preemptive rights while here the preemptive rights are reciprocal. These rights were not delineated by any time frame; a new lease could have been acquired whether or not there was any production in the upper formation.

Producers Oil Co., 1980 OK 62, ¶14, 610 P.2d at 775.

¶13 Here, the Option Provision is more akin to the Melcher option than to the one in Producers Oil Co. The Option Provision is not part of a JOA or a lease. It does not expire when an existing lease expires, but continues when new leases are executed with new wells drilled thereon. Nonetheless, ANR postulates that the option to participate is self-terminating by the cessation of production, citing Producers Oil Co., 1980 OK 62 at ¶ 11, 610 P.2d at 774. While ANR's position finds support in dicta, Producers Oil Co. clarified that the reason options contained in mineral leases and in JOAs do not violate the rule against perpetuities is because mineral leases and JOAs have built in duration not necessarily tied to the cessation of production. Id. Here the AMI agreement is a stand-alone document and the Option Provision applies to participation in wells drilled on future as well as existing leases. The Option Provision's term would allow ANR to participate in future wells if production ceased and then restarted under new leases and new JOAs. Simply, the Option Provision provides for ANR to participate in wells infinitum and is subject to the rule against perpetuities.

B. Life in Being

¶14 ANR urged and the Court of Civil Appeals accepted as true, both without supporting authority, that an LLC, such as ANR, could be a life in being for the purposes of the rule against perpetuity. We cannot agree.

¶15 ANR claims that a "life in being" includes entities such as a corporation and an LLC, based on this Court's determination in Cartwright v. Hillcrest Investments, Ltd., 1981 OK 27, ¶ 10, 630 P.2d 1253, 1256, that "at the time the Constitution was adopted, the term 'person' was generally understood to include corporations." ANR's reasoning is faulty due to an association fallacy: because a corporation may be a "person" does not make it a "life in being."

¶16 At common law, a corporation did not qualify as a life in being. Restatement (First) of Property § 374, cmt. h (1944). The comment expounds on the meaning of life in being:

The lives which can be used in measuring the permissible period under the rule against perpetuities must be lives of human beings. For many purposes in the law a corporation is a "person," but not for the measurement of the period described in Clause (a). So also no such measurement may be expressed in terms of the life of any animal (other than man), even though the animal is one of a type having a life span typically shorter than that of human beings, as for example, a dog or a horse.

The United States Supreme Court also found that the use of a corporation as a life in being under the common law would violate the rule against perpetuities. Fitchie v. Brown, 211 U.S. 321, 334 (1908).

¶17 When there is no measurable life in being, such as with a corporation or an LLC, the "only definite period permitted by the rule against perpetuities is a term not exceeding 21 years." Melcher, 1967 OK 239, ¶ 20, 435 P.2d at 111. A provision without a measurable life in being that vests or distributes after twenty-one years violates the rule against perpetuities and is void. McLaughlin v. Yingling, 1923 OK 99, ¶ 42, 213 P. 552, 564. ANR urges that this twenty-one year rule shows that a corporation is a life in being under the rule. If a corporation or an LLC is a life in being, then the twenty-one-year rule for entities would be superfluous.

¶18 ANR states that they wish to amend their petition to show that they are a "single member limited liability company with a 30 year duration." ANR urges that as a single-member LLC, the LLC should be disregarded as an entity for purposes of the rule against perpetuities, just as it can be for federal tax purposes. Here, we are not dealing with federal taxes; we are dealing with contractual rights. Oklahoma's statutory scheme makes an LLC a legal entity separate from its owners with the filing of its executed articles of organization. 18 O.S.2011, § 2004; 18 O.S.Supp. 2004, § 2004. Whether an LLC is for a specific or perpetual duration is not significant to its status as a separate entity. See 18 O.S.2011, § 2004; 18 O.S.2001, § 2004. An LLC "generally remains a separate entity for state law purposes." Timothy M. Larason, Using One-Member L.L.C.s as "Disregarded Entities," 73 Okla. Bar J. 1753, 1753 (2002). ANR executed the AMI agreement as a business entity, not as its owner. Here, ANR, as an LLC, is not a life in being regardless of whether it has an expiration date or it is perpetual.[1] Thus, the Option Provision is subject to the twenty-one-year limit imposed by the rule against perpetuities and Melcher. ANR's right to participate in future wells is indeterminable, does not vest within the twenty-one-year limit, and may never vest. Thus, the Option Provision violates the rule against perpetuity.

C. Reformation and Cy Pres

¶19 ANR also urges for the first time in its Response to Appellees' Petition for Certiorari that, if the Option Provision is void, then it should be reformed under Title 60, Sections 75-77 of the 2011 Oklahoma Statutes. Rule 1.26(a) of the Oklahoma Supreme Court Rules requires that an appellant, here ANR, include in its petition in error or a timely filed amended petition in error "any error or any issue presented to and resolved by the trial court which is supported by the record." Okla.Sup.Ct.R. 1.26(a), 12 O.S.2011, app. 1, r. 1.26(a). The only exception is found in Rule 1.26(b), which deems the petition in error amended to include errors set forth in the brief in chief. In appeals brought under Supreme Court Rule 1.36 (Accelerated procedure for summary judgments and certain dismissals) as here, briefs are not filed unless otherwise ordered by the appellate court. In this case, no appellate briefs were ordered by either the Court of Civil Appeals or by this Court, precluding review of issues not raised by the petition in error.

¶20 ANR failed to assert in the district court that the Option Provision, if violating the rule against perpetuities, should be reformed under the cy pres doctrine. Having failed to raise the issue in the district court, ANR could not assert in the petition in error as an issue that the district court erred in not reforming the Option Provision. Further, even with a liberal reading of the petition in error, we find nothing which raises the issue of reformation. For these reasons, ANR's argument that the Option Provision is subject to reformation is not before this Court.

V. CONCLUSION 

¶21 ANR has failed to show that the district court erred in granting the motion to dismiss. The Court of Civil Appeals' opinion is vacated. The judgment of the district court is affirmed.

COURT OF CIVIL APPEALS' OPINION VACATED; DISTRICT COURT'S ORDER AFFIRMED.

ALL JUSTICES CONCUR.

FOOTNOTES

[1] The date that ANR filed its executed articles of organization are not part of the record. Title 18, Section 2004 now provides:

A limited liability company formed under this act is a separate legal entity, the existence of which as a separate legal entity continues until cancellation of the limited liability completion of its winding up, if any.

 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1967 OK 239, 435 P.2d 107, MELCHER v. CAMP
Discussed at Length
 1923 OK 99, 213 P. 552, 90 Okla. 159, McLAUGHLIN v. YINGLING
Discussed
 2008 OK 1, 176 P.3d 1204, DARROW v. INTEGRIS HEALTH, INC.
Discussed
 1980 OK 62, 610 P.2d 772, Producers Oil Co. v. Gore
Discussed at Length
 1981 OK 27, 630 P.2d 1253, State ex rel. Cartwright v. Hillcrest Investments, Ltd.
Discussed
Title 18. Corporations
 Cite
Name
Level

 18 O.S. 2004, Filing the Articles of Organization
Discussed at Length