Argued and submitted January 16, 2020, affirmed March 17, 2021

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JOHN ROBERT HEATON,
*Defendant-Appellant.*

### Douglas County Circuit Court
17CR48970; A168229

483 P3d 1209

Defendant drank beer to the point that he could not legally drive, then entered the backyard of a home that did not belong to him. The homeowner ordered defendant to leave multiple times and ultimately threatened to get a gun to shoot him. Scared, defendant left the yard and drove to the parking lot of a fire department a few blocks away where, soon after, police caught up to him. A jury found defendant guilty of felony driving under the influence of intoxicants (DUII) under ORS 813.011(1), which makes DUII a felony when a defendant has been convicted of DUII twice or more in the preceding 10 years. On appeal, defendant contends that (1) one of the prior convictions on which his present conviction is based is legally insufficient to count as a qualifying prior conviction under ORS 813.011(1) because his guilty plea was entered outside the 10-year window; (2) the trial court erred when it declined to instruct the jury on the statutory choice-of-evils defense; and (3) the trial court imposed a $2,000 fine based on an erroneous understanding of the scope of its authority and without making adequate findings. *Held*: The trial court did not err. The prior DUII conviction that defendant challenged was within the 10-year statutory window because the plea and judgment of conviction were entered in accordance with ORS 813.255 after defendant failed to finish diversion. Defendant was not entitled to a choice-of-evils instruction, because the evidence did not allow for the reasonable inference that defendant had no other course of action but to drive under the influence in order to avoid being shot. Defendant's challenge to the $2,000 fine conflicted with the record and was otherwise unpreserved.

Affirmed.

Ann Marie Simmons, Judge.

Nora Coon, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Peenesh Shah, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and Powers, Judge, and Sercombe, Senior Judge.

LAGESEN, P. J.

Affirmed.

**LAGESEN, P. J.**

A jury found defendant guilty of felony driving under the influence of intoxicants (DUII) under ORS 813.011(1), which makes DUII a felony when a defendant has been convicted of DUII twice or more in the preceding 10 years. On appeal, defendant challenges his conviction and a fine imposed at sentencing. We affirm.

According to the evidence at trial, defendant drank beer to the point that he could not legally drive, and then entered the backyard of a home that did not belong to him. One homeowner (who was not armed at the time) yelled at defendant, ordered him to leave multiple times, and ultimately threatened to get a gun to shoot him; the other homeowner called the police. Scared, defendant left the yard and walked back to his truck, which was parked at the church next door. In view of the homeowners, he drove to the parking lot of a fire department a few blocks away, had two more beers, and started watching a John Wayne movie on a portable video player, soon to be interrupted by the police officers responding to the homeowners' call.

For his drive to the fire station, the state charged defendant with a felony under ORS 813.011 for driving under the influence of intoxicants, having "been convicted of driving under the influence of intoxicants * * * at least two times in the 10 years prior to the date of the current offense," ORS 813.011(1), and a jury found him guilty. At sentencing, the trial court imposed a $2,000 fine, among other penalties. On appeal, defendant contends that (1) one of the prior convictions on which his present conviction is based is legally insufficient to count as a qualifying prior conviction under ORS 813.011(1); (2) the trial court erred when it declined to instruct the jury on the statutory choice-of-evils defense; and (3) the trial court imposed a $2,000 fine based on an erroneous understanding of the scope of its authority and without making adequate findings. We address those issues in sequence.

*Prior conviction.* Defendant first contends that one of his two prior convictions is legally insufficient to count as one of the two convictions required to elevate a misdemeanor DUII to a felony under ORS 813.011(1). Noting that

ORS 813.011 specifies that, to count, a conviction must occur "in the 10 years prior to the date of the current offense," ORS 813.011(1), defendant argues that one of his two convictions should not be treated as falling within that time frame. The conviction in question was based on the guilty plea that defendant made as a prerequisite to entering diversion. Defendant's guilty plea was outside of the 10-year window, but, in accordance with ORS 813.255, the plea and judgment of conviction were entered within the 10-year window after defendant failed to finish diversion. Defendant argues that the relevant date should be the date that he made the plea as part of his petition to enter diversion.

Our review is for legal error. *See State v. Donathan*, 281 Or App 781, 785-86, 383 P3d 946 (2016), *rev den*, 360 Or 752 (2017). As defendant acknowledges, his argument is not in harmony with our decision in *Donathan*. There, in construing what it means to have been "convicted" previously for purposes of ORS 813.010(5), we concluded that a person is convicted upon a "finding of guilt." *Id.* at 785-86. Addressing how that conclusion squares with Oregon's diversion statutes, ORS 813.200 to 813.255, we explained that a finding of guilt is not made at the time a court accepts a diversion petition. Rather, a finding of guilt (if any) occurs when the guilty plea is entered, something that does not occur under ORS 813.255 unless and until a defendant fails to complete diversion. *Id.* Although *Donathan* addressed ORS 813.010(5) and not ORS 813.011(1), the parties agree that there is no basis to conclude that those similarly worded provisions should be construed differently. Also, we have already extended *Donathan*'s holding to an ORS 813.011(1) case, relying on the textual similarities between ORS 813.010(5) and ORS 813.011(1). *State v. Rumley*, 295 Or App 667, 432 P3d 1204, *rev den*, 365 Or 192 (2019). Applying *Donathan* here, the finding of guilt pertaining to the conviction at issue was made at the time the court entered defendant's plea after he failed to complete diversion. Because that event undisputedly occurred within the 10-year period contemplated by ORS 813.011(1), the court correctly ruled that the conviction at issue was a qualifying one.

*Choice-of-evils instruction.* Defendant next asserts that the trial court erred when it declined to instruct the

jury on the choice-of-evils defense under ORS 161.200. We review for legal error, viewing the record in the light most favorable to defendant, as the party requesting the instruction. *State v. Paul*, 289 Or App 408, 409, 410 P3d 378 (2017).

ORS 161.200 sets out the elements of the choice-of-evils defense. It states, in relevant part:

"Unless inconsistent with other provisions of chapter 743, Oregon Laws 1971, defining justifiable use of physical force, or with some other provision of law, conduct which would otherwise constitute an offense is justifiable and not criminal when:

"(a)   That conduct is necessary as an emergency measure to avoid an imminent public or private injury; and

"(b)   The threatened injury is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding the injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue."

ORS 161.200(1).

As we have explained, to be entitled to a choice-of-evils instruction under ORS 161.200, a defendant must present evidence that would allow the jury to find three things:

"(1) his conduct was necessary to avoid a threatened injury; (2) the threatened injury was imminent; and (3) it was reasonable for him to believe that the need to avoid that injury was greater than the need to avoid the injury that *** the statute that he was found to have violated *** seeks to prevent."

*State v. Boldt*, 116 Or App 480, 483, 841 P2d 1196 (1992). In this instance, the evidence falters on the first factor, if not all of them.

"To show that criminal conduct was 'necessary' within the meaning of ORS 161.200(1)(a), 'defendant is required to put forth evidence that would allow the jury to find that he had no reasonable alternative but to commit the crime.'" *Paul*, 289 Or App at 412 (quoting *State v. Freih*, 270 Or App 555, 557, 348 P3d 324 (2015) (brackets omitted)). In other words, the evidence must allow for the inference that

the defendant had "no other course of action" than committing the crime charged in order to avoid a threatened injury. *Freih*, 270 Or App at 559.

Here, defendant contends that the record would allow for the reasonable inference that he had "no other course of action" but to drive under the influence of intoxicants in order to avoid the evil of getting shot by the homeowner. We disagree. Although we must view the record in the light most favorable to defendant on that point, the facts here, when viewed in that light, do not add up to a rational conclusion that defendant was left with no choice but to drive while intoxicated.

The homeowner's threat to shoot came in the context of him ordering defendant to leave the property and, by the time defendant started driving, he had left the homeowner's property. Although both homeowners watched defendant after he left the property, there is no evidence that they came after defendant or reiterated the threat to shoot after defendant's trespass ceased. There is no evidence that the homeowner ever got his gun or brandished it. The fire station to which defendant drove to get away was just a few blocks away, a short walk, and the evidence below was not developed enough to allow for the rational inference that it was faster or safer for him to retrieve his car and drive rather than just walk. Along the same lines, defendant did not develop the evidence about the area between the church and the fire station, so there is no basis to infer that defendant lacked other potential safe harbors that he could have reached on foot, had the homeowner actually been coming after him. Under those circumstances, it would not be reasonable to infer that defendant had no choice but to drive under the influence of intoxicants, instead of simply going straight to the fire station (or other closer location) on foot, to avoid the threat of being shot. Although defendant was likely scared and may have viewed driving as his best option, the choice-of-evils defense requires a showing of no other options. That showing was not made here.

*Fine.* In his final assignment of error, defendant challenges the trial court's imposition of a $2,000 fine, but

part of his challenge conflicts with the record and part of it is not preserved.

Defendant first argues that the trial court erroneously believed that it was required to impose the fine, although, in actuality, it had the discretion not to. But, as the state points out, defense counsel explicitly alerted the court that the fines were not mandatory, so the court knew that it had a choice to make. For that reason, there is no reason to think that the court thought the fines were mandatory.

Defendant alternatively argues that the court did not adequately consider his ability to pay, as required by ORS 161.645. But defendant presented evidence to the court on the point at sentencing, which makes it difficult to conclude that the court did not consider it.

Finally, to the extent that defendant argues that the trial court was required to make a better record of its consideration of defendant's financial resources than it did, that argument is not preserved. *See State v. Anderson*, 363 Or 392, 410, 423 P3d 43 (2018) ("If defendant believed that further explanation than the trial court provided was necessary for meaningful appellate review, it was incumbent on him to request it.").

Affirmed.