On respondent's petition for reconsideration filed June 16, and appellant's response to petition for reconsideration filed June 18; reconsideration allowed, former opinion (311 Or App 348, 492 P3d 685) modified and adhered to as modified August 11; petition for review denied December 23, 2021 (369 Or 110)

Bernadette BOX,
Personal Representative of
the Estate of Robert Clinton Box,
*Plaintiff-Appellant,*

*v.*

STATE OF OREGON,
Department of Oregon State Police,
*Defendant-Respondent.*

Josephine County Circuit Court
16CV13330; A166624

492 P3d 1292

Pat Wolke, Judge.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and David B. Thompson, Assistant Attorney General, for petition.

David D. Park for response.

Before Shorr, Presiding Judge, and James, Judge, and Landau, Senior Judge.

PER CURIAM

Reconsideration allowed; former opinion modified and adhered to as modified.

**PER CURIAM**

The state petitions for reconsideration of our decision in *Box v. Oregon State Police*, 311 Or App 348, 492 P3d 685 (2021). We reject without further discussion all but one of petitioner's arguments, that we erroneously described a fact relevant to the troopers' trespass. Petitioner contends that we incorrectly stated that it was undisputed that no light was illuminated near the rear patio door. We agree that there is evidence in the record from which a reasonable factfinder could infer that there was a source of light from the rear patio area, not only from the workshop. We therefore grant reconsideration and modify our opinion accordingly. We delete the challenged sentence, which states, "The only other light came from the workshop." *Id*. at 379. We also modify the sentence that states, "There was a light on at the workshop, but not in the rear patio, and no trespassing signs were posted." *Id*. at 381. As modified, that sentence states, "There was light coming from the rear patio area and the workshop, which had a no trespassing sign posted to its front."

We previously concluded that the evidence did not evince Box's implied consent for the troopers to contact him in the rear patio area. Viewing the evidence, including that of the rear patio light, in the light most favorable to petitioner, we reach the same conclusion. We therefore adhere to our original opinion as modified.

Reconsideration allowed; former opinion modified and adhered to as modified.