Argued and submitted January 11, affirmed December 1, 2021, petition for
review allowed April 21, 2022 (369 Or 675)
See later issue Oregon Reports

Roberta HAAS
and Kevin Haas,
*Plaintiffs-Appellants,*

*v.*

THE ESTATE OF MARK STEVEN CARTER
and State Farm Mutual Automobile
Insurance Company,
*Defendants-Respondents,*
*and*

Gerald CAMPBELL,
*Defendant.*

Multnomah County Circuit Court
16CV24579; A169932

502 P3d 1144

In this negligence case, plaintiffs contest the trial court's refusal to give a "substantial-factor" uniform jury instruction in addition to the "but-for" uniform instruction on causation. After plaintiffs' car was struck from behind by a car driven by one of the defendants, both plaintiffs had surgery related to back and neck pain and other symptoms. Evidence showed that both plaintiffs had underlying back and neck conditions that had existed before the automobile collision; evidence also suggested that those underlying conditions had left plaintiffs more susceptible to injury. Following trial, the jury returned a verdict for defendants. On appeal, plaintiffs argue for a rule that would require a substantial-factor jury instruction in all cases where there is evidence that the plaintiff's underlying conditions made them more susceptible to injury. *Held*: The substantial-factor instruction is appropriate only when multiple factual causes, or multiple tortfeasors, act on a plaintiff to cause the injury. Moreover, a plaintiff's underlying condition can be said to be a cause of the plaintiff's injury only when it actively contributes to causing that injury (and does not merely make the plaintiff more susceptible to harm). In this case, plaintiffs did not identify any evidence showing that their underlying conditions actively contributed to causing their injuries. Because no evidence suggested that multiple factors causally contributed to plaintiffs' injuries the court did not err by refusing to give the substantial-factor instruction.

Affirmed.

Jerry B. Hodson, Judge.

Kathryn H. Clarke argued the cause and filed the briefs for appellants.

Leslie A. Kocher-Moar argued the cause for respondent The Estate of Mark Steven Carter. Also on the brief was MacMillan, Scholz & Marks, P.C.

Ralph C. Spooner argued the cause for respondent State Farm Mutual Automobile Insurance Company. Also on the brief were David E. Smith and Spooner & Much, PC.

Before Lagesen, Presiding Judge, and James, Judge, and Hadlock, Judge pro tempore.

HADLOCK, J. pro tempore.

Affirmed.

James, J., concurring.

**HADLOCK, J. pro tempore**

This appeal raises issues about two uniform jury instructions regarding causation—the "but for" instruction and the "substantial factor" instruction—that may be given in negligence cases. Here, the underlying litigation related to an automobile collision in which a car driven by defendant Carter struck plaintiffs' car from the rear. Both plaintiffs later had surgery related to neck and back pain and other symptoms, and they sued Carter in negligence, seeking to recover medical expenses and other damages. Before trial, plaintiffs asked the court to deliver both of the uniform jury instructions related to causation, but the trial court gave only the but-for instruction. The jury returned a defense verdict. On appeal, plaintiffs argue that the court erred when it refused to deliver the substantial-factor jury instruction as a supplement to the but-for instruction. Plaintiffs advocate for a rule that would require a substantial-factor instruction to be given in all cases in which there is evidence that the plaintiffs had underlying conditions that made them more susceptible to injury. We decline to adopt such a rule, and we reject plaintiffs' contention that the trial court erred by not giving the substantial-factor instruction in this case. Accordingly, we affirm.

We briefly summarize the evidence pertinent to the issue raised on appeal although, when analyzing whether the trial court erred when it declined to give plaintiffs' requested instruction, we ultimately view the evidence in the light most favorable to plaintiffs. *See State v. Heaton*, 310 Or App 42, 46, 483 P3d 1209, *rev den*, 368 Or 637 (2021) (reviewing evidence in the light most favorable to the party who requested an instruction that the trial court refused to deliver). It is undisputed that a car driven by defendant Carter struck the back of the stopped car in which plaintiffs were sitting, at a relatively low speed. Plaintiff Roberta Haas experienced pain soon after the collision. Several months later, she was still experiencing pain, sought medical advice, and ultimately had spinal-fusion surgery. Plaintiff Kevin Haas, who also experienced pain after the collision, had disc-replacement surgery a few years later. Plaintiffs presented medical evidence from which a jury could find that the automobile collision involved speed and forces sufficient

to cause the injuries for which plaintiffs later sought surgical and other treatment. Plaintiffs' evidence also supported their claim that, in fact, the collision did cause those injuries. Defendants presented contrary evidence suggesting that the speed and forces involved in the collision were not sufficient to cause plaintiffs' injuries.

The record also includes evidence that both plaintiffs had underlying conditions that made them more vulnerable to suffering the types of injuries for which they sought treatment after the collision. In particular, the evidence established that Roberta Haas had had multiple previous spinal surgeries that included removal of vertebrae and implantation of medical hardware. The surgeon who operated on Roberta Haas after the collision deemed the precollision condition of her spine to be "a mess." He testified that, given her underlying condition, he would not have been surprised if she presented with the same symptoms that prompted him to perform surgery even in the absence of a car accident. The surgeon agreed with a suggestion by defense counsel that, for a person with Roberta Haas's underlying condition, even a sneeze could have made her symptomatic. Kevin Haas had previous mild injuries to his neck from other automobile accidents that had not required surgery; he also had degenerative symptoms that were not uncommon for people his age.

Plaintiffs sued Carter, alleging that both plaintiffs had suffered harm as a result of Carter's negligence. The suit also included a claim against Roberta Haas's insurer (State Farm Mutual Automobile Insurance Company) for breach of contract, alleging that the insurer had failed to pay all personal injury protection (PIP) benefits that were due.[1] The case proceeded to trial.[2] Plaintiffs submitted a

---

[1] On appeal, State Farm argues both that plaintiffs were not entitled to the substantial-factor jury instruction and, alternatively, that the arguments that plaintiffs make on appeal relate only to their claims against defendant Carter, not to Roberta Haas's claim against State Farm. Our determination that plaintiffs were not entitled to the substantial-factor instruction means that we need not address State Farm's alternative argument.

[2] At some point after plaintiffs filed suit, Carter died and his estate was substituted as defendant. We use the name Carter in this opinion to refer both to the deceased individual and to his estate.

written request for jury instructions, including two uniform instructions about causation, as follows:

### "CAUSATION—'BUT FOR'

"The defendants' conduct is a cause of the plaintiffs' injury if the injury would not have occurred but for that conduct; conversely, the defendants' conduct is not a cause of the plaintiffs' injury if that injury would have occurred without that conduct.

### "CAUSATION—'SUBSTANTIAL FACTOR'

"Many factors may operate either independently or together to cause injury. In such a case, each may be a cause of the injury even though the others by themselves would have been sufficient to cause the same injury.

"If you find that the defendants' act or omission was a substantial factor in causing the injury to the plaintiff, you may find that the defendants' conduct caused the injury even though it was not the only cause. A substantial factor is an important factor and not one that is insignificant."

(Boldface in original; footnote omitted.)

In a written memorandum supporting their request for the substantial-factor instruction, plaintiffs relied on the Supreme Court's discussion of causation instructions in *Joshi v. Providence Health System*, 342 Or 152, 149 P3d 1164 (2006). In *Joshi*, the court explained that the but-for causation instruction applies in most negligence cases and requires "a plaintiff [to] demonstrate that the defendant's negligence more likely than not cause the plaintiff's harm." *Id.* at 162. However, the court also identified three categories of cases involving multiple causes in which the but-for instruction "fails" and a substantial-factor instruction applies, including when "a similar, but not identical result would have followed without the defendant's act." *Id.* at 161 (quoting W. Page Keeton, *Prosser and Keeton on the Law of Torts* 267-68 (5th ed 1984)). Plaintiffs argued that this case falls into that category of cases. Plaintiffs relied on evidence of their underlying conditions to support that argument, contending that "both plaintiffs' degenerative conditions, and plaintiff Roberta Haas's prior susceptibility to injury, mean

that a similar result to that which eventually occurred in this case—a lumbar fusion surgery—might have eventually taken place" even though "the timing of that surgery was directly influenced by" the collision.

At a hearing on the requested jury instructions, the trial court suggested that it was not persuaded by plaintiffs' argument, viewing their concern about underlying conditions as being "addressed by the infirm condition instruction that you take your plaintiff the way that they are, as opposed to a causation issue where I give a substantial factor instruction." The court also noted its recollection that the substantial-factor instruction applies "when you have multiple actors potentially at the same time." Nonetheless, the court said that it would consider the issue further. Ultimately, the court rejected plaintiffs' request for the substantial-factor instruction, apparently without further explanation on the record. In keeping with that ruling, the court delivered only a single jury instruction about causation: the but-for instruction.[3] The jury returned a verdict for defendants.

On appeal, plaintiffs reiterate their argument that they were entitled to a substantial-factor instruction, which they characterize as supplementing the but-for instruction on causation. Plaintiffs contend that the trial court was wrong when it asserted that the instruction applies only in cases involving multiple tortfeasors. Instead, they assert, the substantial-factor instruction is appropriate in cases involving "multiple factors [that] were actual or potential *causes* of plaintiffs' physical conditions." (Emphasis added.)

---

[3] As discussed briefly later in this opinion, the court also delivered the uniform "previous infirm condition" instruction about plaintiffs' entitlement to damages if the jury determined that either plaintiff "had a bodily condition that predisposed him or her to be more subject to injury than a person in normal health." The court gave that instruction at plaintiffs' request. The instruction explained that, in such circumstances, defendants "would be liable for any and all injuries and damage that may have been suffered by the plaintiff as the result of the negligence of the defendant, even though those injuries, due to the prior condition may have been greater than those that would have been suffered by another person under the same circumstances." At the request of defendant Carter, the court also delivered an "aggravation" instruction, explaining that, if a defendant's negligence aggravated a plaintiff's previously symptomatic pre-existing injury or disability, then the plaintiff would be entitled only to those damages due to the aggravation.

However, plaintiffs do not identify evidence establishing a way in which some particular event or condition other than the automobile collision caused (or contributed to causing) their injuries. Rather, they assert broadly that "the evidence was * * * clear that other causes were or could be involved; those other causes were addressed in the testimony of every expert that testified." Viewed in the context of plaintiffs' other arguments, it is clear that the "other causes" they reference are plaintiffs' underlying infirmities.

In response, defendants argue, among other things, that this case does not fall within any of the *Joshi* categories for which the but-for instruction is inadequate and a substantial-factor instruction is required. That is so, defendants contend, because there is no evidence of multiple causes acting concurrently to bring about an injurious event. In that regard, Carter asserts that "[p]re-existing injuries or conditions are not *concurrent causes* of injury to which a 'substantial factor' standard could apply." (Emphasis in original.) State Farm argues similarly, contending that the evidence established only that plaintiff Roberta Haas had spinal conditions that made her more susceptible to future injury, not that those underlying conditions actually caused the injury for which she sought damages. Moreover, Carter suggests that the trial court correctly viewed the substantial-factor instruction as applying only when multiple tortfeasors are alleged to have caused the plaintiff's injury.

We review the trial court's refusal to give plaintiffs' requested substantial-factor instruction for legal error, viewing the evidence in the light most favorable to the requesting parties. *Heaton*, 310 Or App at 46. "As a general rule, parties in a civil action are entitled to jury instructions on their theory of the case if their requested instructions correctly state the law, are based on the current pleadings in the case, and are supported by evidence." *Vandeveere-Pratt v. Portland Habilitation Center, Inc.*, 242 Or App 554, 557-58, 259 P3d 9 (2011) (internal quotation marks and citation omitted). "A trial court, however, is not required to give a requested instruction if another instruction adequately addresses the issue." *State v. Ashkins*, 357 Or 642, 648, 357 P3d 490 (2015). Error in failing to give a

requested instruction is not grounds for reversal "unless the error 'substantially affected' a party's rights." *Vandeveere-Pratt*, 242 Or App at 558.

We begin our analysis by considering basic principles that apply in ordinary negligence cases (those not involving special relationships or standards of conduct). In such a case, the plaintiff must prove both foreseeability and causation: "[A] plaintiff must establish that the defendant's conduct created a foreseeable and unreasonable risk of legally cognizable harm to the plaintiff and that the conduct in fact caused that kind of harm to the plaintiff." *Sloan v. Providence Health System-Oregon*, 364 Or 635, 643, 437 P3d 1097 (2019). As used in the negligence context, "the element of 'causation' ordinarily refers to 'causation-in-fact' or 'but-for' causation." *Hammel v. McCulloch*, 296 Or App 843, 851, 441 P3d 617, *rev den*, 365 Or 502 (2019). Thus, a plaintiff ordinarily must establish "causation" by proving that, but for the defendant's negligence, the plaintiff would not have suffered harm. *Id*. The uniform but-for jury instruction reflects that way of looking at causation, explaining that the defendant's conduct "is a cause of the plaintiff's injury if the injury would not have occurred *but for* that conduct." UCJI 23.01 (emphasis added).

In cases involving multiple causes of a plaintiff's injury, however, a but-for framing of the causation element may be inadequate. In such cases, instead of conceptualizing causation in the "either/or" sense that the but-for instruction implies (either a negligent act caused the injury or it did not), it can be more useful to think of causation in terms of whether a particular defendant's negligence contributed to the injury in an important or material way—*i.e.*, whether that negligence was a "substantial factor" in causing the harm.[4] *Cf. Lasley v. Combined Transport, Inc.*, 351 Or 1, 7, 261 P3d 1215 (2011) (describing "the 'substantial factor' test [as] a test of factual cause"). Thus, in cases in which "'two tortfeasors acted concurrently to bring about'

_____

[4] As we noted in *Towe v. Sacagawea, Inc.*, 246 Or App 26, 41, 264 P3d 184 (2011), *aff'd in part and rev'd in part on other grounds*, 357 Or 74, 347 P3d 766 (2015), "the term 'substantial factor' is somewhat amorphous," but generally "refers to an important or material factor, and not one that is insignificant."

the plaintiff's injury, [a jury may] hold each tortfeasor liable for those injuries, provided that the negligence of each was a 'substantial factor' in causing the injuries." *Wright v. Turner*, 368 Or 207, 218, 489 P3d 102 (2021) (quoting *Joshi*, 342 Or at 162). The uniform substantial-factor instruction reflects that way of looking at causation, explaining that, when multiple causal factors "operate either independently or together to cause injury," any one of those factors "may be a cause of the injury" so long as it "was a substantial factor in causing the injury." UCJI 23.02.

As reflected in the cases cited above, the substantial-factor standard of causation applies only in some negligence actions. That is, "the 'substantial factor' standard has not supplanted the 'but for' or 'reasonable probability' standard of causation. Instead, the two standards apply to different types of negligence cases." *Joshi*, 342 Or at 162; *see also State v. Turnidge (S059155)*, 359 Or 364, 471, 374 P3d 853 (2016), *cert den*, ___ US ___, 137 S Ct 665 (2017) (citing *Joshi* discussion of causation standards with approval); *Elk Creek Management Co. v. Gilbert*, 353 Or 565, 584, 303 P3d 929 (2013) (same). The substantial-factor instruction applies only in cases in which multiple causes contribute to a plaintiff's injury, either because they act "concurrently" in causing that harm or perhaps because (as described in other possible scenarios outlined in the Prosser and Keeton treatise and mentioned in *Joshi*), given those multiple causes, "'a similar, but not identical result would have followed without the defendant's act'" or the defendant "'has made a clearly proved but quite insignificant contribution to the result, as where he throws a lighted match into a forest fire.'" *Joshi*, 342 Or at 161 (quoting Keeton, *Prosser and Keeton on the Law of Torts* 267-68 (5th ed 1984)). The but-for standard applies in all other ordinary negligence cases; indeed, it applies in "the majority of cases." *Joshi*, 342 Or at 161-62.

The primary question before us is whether the evidence in this case supported the giving of the substantial-factor instruction, so that it was error for the court not to deliver it.[5] As a preliminary matter, we briefly address—and

---

[5] Defendants do not contend that the uniform instruction requested by plaintiffs misstates the law; they argue only that the instruction does not apply in this case.

reject—defendant Carter's contention that the substantial-factor instruction applies only in cases in which the actions of multiple *tortfeasors* combine or concur to cause the plaintiff's injury. *Joshi* at least sometimes discusses the applicability of the substantial-factor instruction in cases in which there are multiple *causes* of the plaintiff's injury; its analysis is not limited to cases in which there are multiple tortfeasors. 342 Or at 161-62. And, although some other cases use phrases like "multiple tortfeasors" in discussing the standard, we perceive that wording to reflect only the facts of those particular cases—*e.g.*, that the plaintiffs alleged that the actions of multiple tortfeasors contributed to causing their injuries. *See, e.g.*, *Lasley*, 351 Or at 6-7 (discussing substantial-factor test in the context of a case involving multiple alleged tortfeasors). We conclude that any cause of a plaintiff's injury should be considered as part of the causal analysis whether or not that cause was the result of a negligent act. *Cf. Box v. Oregon State Police*, 311 Or App 348, 369, 492 P3d 685, *adh'd to as modified on recons*, 313 Or App 802, 492 P3d 1292 (2021) ("[W]here there are multiple causes-in-fact of a plaintiff's injury, some of those causes may be non-negligent acts. A defendant whose negligent act is a cause of the plaintiff's injury is not necessarily absolved of legal liability for that negligent act, merely because other, non-negligent conduct was also a cause of the plaintiff's injury.").

The question remains whether plaintiffs have established that the evidence in this case supported delivery of the substantial-factor instruction. We conclude that they have not.

We observe that the focus of plaintiffs' argument has evolved, on appeal, from the argument they presented below. In arguing to the trial court that it should give the substantial-factor instruction, plaintiffs asserted that their circumstances—particularly Roberta Haas's circumstances—fit within the category of cases, described in Prosser and Keeton and mentioned in *Joshi*, in which "a similar, but not identical result would have followed without the defendant's act." That argument was based primarily on plaintiffs' contention that Roberta Haas's spine had been so infirm before the automobile collision that she "might have

eventually" needed lumbar fusion surgery even absent the automobile collision. On appeal, plaintiffs no longer focus on the *Joshi* categories, on Roberta Haas's particular infirmities, or on the possibility that she would have needed surgery in any event.[6] Moreover, plaintiffs do not point to evidence regarding any mechanism by which either plaintiff's underlying infirm conditions *caused* their injuries, symptoms, or need for surgery. Thus, for example, plaintiffs do not argue that the medical hardware that had previously been implanted in Roberta Haas's spine somehow contributed to causing one of the injuries that she suffered during the automobile accident, or one of the symptoms that arose thereafter.

Rather, plaintiffs now make a single, very specific argument. Relying on evidence that their infirm conditions made them more susceptible to injury, plaintiffs argue categorically that the substantial-factor jury instruction should be given in *every* case where "a preexisting condition has been aggravated, or a prior infirm condition makes the plaintiff more subject to injury." In those circumstances, plaintiffs contend, "the underlying condition itself is *ipso facto* a causative factor" that requires the substantial-factor instruction to be given.[7] Plaintiffs have not identified any legal authority supporting that proposition, and we are not aware of any.

We reject plaintiffs' categorical argument. We have explained in the workers compensation context that there is a difference between underlying conditions (or infirmities) that make a person more susceptible to injury and those conditions that cause an injury. *E.g.*, *Corkum v. Bi-Mart*

---

[6] Because plaintiffs do not argue on appeal that this case fits within the category of cases described in Prosser and Keeton as those in which a substantial-factor instruction is appropriate because "a similar, but not identical result would have followed without the defendant's act," we do not address the scope of that particular category of cases.

[7] The categorical nature of plaintiffs' argument is reflected in the fact that their arguments on appeal do not distinguish between Roberta Haas's significant underlying infirmities (which included a spine described as a "mess" following previous surgeries) and Kevin Haas's less momentous underlying infirmities (minor injuries following previous accidents and degenerative conditions consistent with his age). Again, plaintiffs have not attempted to identify a causal mechanism linking any of their underlying conditions to the specific injuries they suffered.

*Corp.*, 271 Or App 411, 422-23, 350 P3d 585 (2015). In that context, we distinguish between (1) a "susceptibility," that is, an underlying condition that "increases the likelihood that the affected body part will be injured by some other action or process but does not actively contribute to damaging the body part" and (2) a "cause," that is a condition that actively contributes to a disability or need for treatment. *Id*.; *see also SAIF v. Dunn*, 297 Or App 206, 217-18, 439 P3d 1011, *rev den*, 365 Or 557 (2019) (applying *Corkum* and describing how medical evidence could show a causal connection between the claimant's underlying condition, which was a congenital "anatomical anomaly," and an inflammatory condition that he suffered); *id*. at 208-09 (discussing other, similar holdings in the workers' compensation context and noting that we have distinguished since 1991 between an underlying condition "that contributes to the cause of [an occupational] disease" and a condition "that merely renders the worker more susceptible but does not contribute to the cause").

Although the specific holdings in *Corkum* and similar cases were based on the workers compensation statutes, we see no reason to apply a different understanding of causation, as it relates to underlying conditions, in the context of a negligence case. That is, we have recognized that there is a distinction—one that turns on the specific facts of each case and often may best be explained by medical evidence—between an underlying condition that merely makes a person more susceptible to injury and an underlying condition that actively contributes to causing a person's injury. *See Dunn*, 297 Or App at 217-18 (whether a particular condition was "a mere susceptibility" was "a medical question"). There is no reason that we should limit our recognition of that distinction to the workers compensation context. Thus, we conclude that, in a negligence case, a plaintiff's underlying condition can be said to be a cause of the plaintiff's injury only when it actively contributes to causing the injury—that is, when some causal mechanism links the underlying condition to the harm the plaintiff suffered. That undoubtedly will be true in some cases, but we reject the proposition that it is true in *all* cases in which plaintiffs' underlying conditions make them more susceptible to injury.

By its terms (as requested by plaintiffs) and consistently with *Joshi*, the uniform substantial-factor instruction applies only when there are multiple causes of a plaintiff's injury that act together or independently to cause an injury. In other negligence cases—the majority of cases, according to *Joshi*—the but-for instruction is appropriate. 342 Or at 162. Here, plaintiffs have not identified anything other than defendant Carter's negligent driving that caused their injuries. In particular, plaintiffs have not pointed to specific evidence showing a *causal* link between any of their underlying conditions and the injuries or symptoms for which they later sought treatment. Thus, plaintiffs have not established that the evidentiary record supported their request for a substantial-factor instruction. Evidence that plaintiffs' underlying conditions made them more susceptible to injury was not enough, by itself, to require the trial court to deliver that instruction in addition to the but-for instruction that plaintiffs had also requested.

For the same reasons, we are not persuaded that the jury instructions that the trial court did deliver were inadequate to properly address the issue of causation in this case. As plaintiffs had requested, the court delivered the uniform but-for jury instruction on causation. That instruction correctly explained to the jury that defendants would be liable for plaintiffs' injuries only if plaintiffs suffered those injuries as a result of defendants' negligence. Also at plaintiffs' request, the court delivered the uniform "previous infirm condition" instruction on damages. That instruction explained that, if the jury found that a plaintiff "had a bodily condition that predisposed [them] to be more subject to injury," defendants nevertheless "would be liable for any and all injuries and damage" that the plaintiff suffered as a result of defendants' negligence, "even though those injuries, due to the prior condition, may have been greater than those that would have been suffered by another person under the same circumstances." UCJI 70.06. We recognize that the "previous infirm condition" instruction relates, by its terms, to damages and not to causation. Nonetheless, that instruction necessarily informs the jury that a defendant's liability—which arises only if the defendant's negligence caused the plaintiff's injury—is not negated by the fact

that the plaintiff had an underlying condition that made the plaintiff more susceptible to being injured. Thus, that instruction ameliorated any risk that the jury might decide that defendants could not be held liable for injuries that plaintiffs suffered as a result of the automobile collision if their underlying infirmities made them particularly susceptible to that kind of harm. Under the circumstances present here, no further instruction on causation was necessary.

Affirmed.

**JAMES, J.,** concurring.

I join in the reasoning of the majority opinion when it rejects defendant's argument that "the substantial-factor instruction applies only in cases in which the actions of multiple *tortfeasors* combine or concur to cause the plaintiff's injury." 316 Or App at 83-84. I do not join the reasoning of the majority when, drawing from our workers compensation caselaw, it crafts a distinction in tort between "susceptibility" and "cause." 316 Or App at 86. I need not explore my reasons for parting ways with the majority on that point, however, because I ultimately concur in the judgment. In this case, plaintiff requested both the "but for" causation instruction, UCJI 23.01, as well as the "substantial factor" causation instruction, UCJI 23.02. Had plaintiff requested only the substantial factor instruction and objected and excepted to the giving of the "but for" instruction, I would write in a dissenting posture. But, that did not happen. I cannot conclude that a court errs when it fails to give both instructions, as that does not cure the defect I perceive. The problem lies in Oregon's preference for the "but for" instruction. As I will explain, in virtually all situations, the giving of the substantial factor instruction is simply the more elegant, accurate, and understandable way to instruct jurors. And yet, for some reason, "but for," not "substantial factor," is the default causation instruction in trial courts. That should change.

Before I turn to the legal intricacies of causation, it is important to begin with a notion that, unfortunately, all too often gets lost in our discussion of complex legal doctrines: jury instructions should *help* the jury. We ask a great deal of our fellow citizens when they answer the call to jury

service. We place upon their shoulders the incredible burden of deciding the most serious matters—livelihoods, wrongful death, profound injury, and the liberty of their fellow citizen. And while performing this act of service they juggle life disruptions and family inconvenience; they miss meetings, school recitals, and vacations. They often give up work and wages, and frequently incur childcare costs, all while we pay them a token sum as recompense. Yet, despite this all, they do an exceptional job.

Research has shown, and any Oregon trial judge would agree, that jurors are dedicated decision-makers who strive to get things right "[and] work to develop the most plausible reconstruction of events that led to trial." *Jurors Are Practical Problem Solvers, But Have Difficulty Understanding Jury Instructions, Experts Say*, A.B.A. News, Aug 14, 2017, *available at* www.americanbar.org/news/abanews/aba-news-archives/2017/08/jurors_are_practical/ (accessed Nov 23, 2021). And as has been noted, "when given proper instructions and respect for their intelligence, [jurors] are relatively good decision makers." Pat Vaughan Tremmel, *Research Shows How Juries Really Behave*, Northwestern News, Dec 20, 2005, *available at* www.northwestern.edu/newscenter/stories/2005/12/diamond.html (accessed Nov 23, 2021).

With all that jurors give to Oregon, our focus should rightly be, but seldom is, on providing instructions crafted towards most succinctly helping the jury perform their difficult task. Our instructions on causation are the perfect example of where we stumble in this regard.

From the perspective of legal theory, Oregon recognizes two separate ways of thinking about causation in a negligence case, which are generally referred to as "but for" or "substantial factor" causation. *Joshi v. Providence Health System*, 342 Or 152, 163-64, 149 P3d 1164 (2006). The "but for" rule provides that a jury can only find that a defendant's negligence caused an injury if the injury "would not have occurred but for that [negligent] conduct[.]" *Joshi*, 342 Or at 161 (so describing the "but for" rule and quoting W. Page Keeton, *Prosser and Keeton on The Law of Torts* 265-68, § 41 (5th ed 1984)).

The "substantial factor" rule was articulated by the Oregon Supreme Court in *Dewey v. A. F. Klaveness & Co.*, 233 Or 515, 379 P2d 560 (1963), which described that causation was satisfied if the defendant's conduct was a "substantial factor" in causing the injury. *See also Joshi*, 342 Or at 159 (recognizing *Dewey* as a source of the rule). In *Joshi*, the Oregon Supreme Court recognized, as it has multiple times, that the "substantial factor," rather than "but for," conceptualization of causation applies when the jury is tasked with determining liability based on multiple causes. It emphasized that in those cases "it is enough that [each defendant] substantially contributed to the injuries eventually suffered by [the plaintiff]." *Joshi*, 342 Or at 160 (quoting *McEwen v. Ortho Pharmaceutical*, 270 Or 375, 418, 528 P2d 522 (1974)).

When we consider causation from a theoretical perspective, both "but for" and "substantial factor" are merely expressions of a unitary concept—factual causation. *Jennewein v. MCIMetro Access Transmission Services*, 308 Or App 396, 401, 481 P3d 939 (2021). As the Oregon Supreme Court has noted, "[t]he two tests, in all but rare circumstances, usually lead to the same conclusion." *State v. Turnidge (S059155)*, 359 Or 364, 471 n 61, 374 P3d 853 (2016) (citing *Joshi*, 342 Or at 162).

However, as the arguments in a case become more complex—the more a jury is invited to consider, or even speculate about, multiple causal factors—"but for" conceptualization may pose a trap. The "but for" concept in such cases may not be correct because it "may produce a different result" that inappropriately insulates a culpable party from liability based on the possibility that the other wrongful act alone could have still resulted in the injury. *Joshi*, 342 Or at 162.

Conceptually then, "but for" causation is a subset of "substantial factor" causation. Put another way, there may be cases where "but for" causation is intellectually inadequate. But I am aware of no Oregon case concluding the inverse: that substantial factor causation was inadequate, and that flaw could only be corrected by employing a "but for" approach. In fact, as we have explained, the term

"substantial factor" is "'a concept of relativity'" used to determine causation within a "totality of potentially causative circumstances." *Lyons v. Walsh & Sons Trucking Co., Ltd*., 183 Or App 76, 83, 51 P3d 625 (2002), *aff'd*, 337 Or 319, 96 P3d 1215 (2004) (citing and quoting *Furrer v. Talent Irrigation District*, 258 Or 494, 511, 466 P2d 605 (1971)). The "substantial factor" rule "simply acknowledges the reality that many, perhaps most, [injuries] are the product of multiple causes and interrelated dynamics. Whether any particular cause, or any individual actor's conduct, is sufficiently 'substantial' to warrant the imposition of liability depends, properly, on a consideration of the whole." *Lyons*, 183 Or App at 84.

Despite "but for" causation being conceptually subsumed under substantial factor causation, our practice in Oregon is to instruct the opposite. In trial courts across Oregon, the "but for" instruction is the one first reached for by the trial judge. *See, e.g.*, *Towe v. Sacagawea, Inc.*, 246 Or App 26, 52-53, 264 P3d 184 (2011), *aff'd in part, rev'd in part*, 357 Or 74, 374 P3d 766 (2015) (Sercombe, J., dissenting) ("The 'but for' rule of causation is used in the majority of cases * * *. * * * By comparison, the substantial factor test for causation is best suited to * * * situations in which the 'but for' rule has proved troublesome[.]") Yet, the Oregon Supreme Court has opined, for at least half a century, that the "but for" instruction is a poor manner of instructing a jury. *See, e.g.*, *Smelser v. Pirtle*, 242 Or 294, 298, 409 P2d 340 (1965) ("It will have to be admitted that it would be possible for laymen to be confused by the giving of the 'but for' instruction in this case. They might not be able to make the fine distinction between a similar and identical damage and thus believe that if some damage, other than that sued for, would have resulted to plaintiff anyway, the defendant was absolved. However, we cannot say that it was technically incorrect. Because of the considerable chance that, under the circumstances here, it might be misunderstood it was not a very practical instruction. However, it is not technically incorrect and therefore we do not consider it reversible error."). Neither this court, nor the Oregon Supreme Court, have ever explained why the default instruction we provide to a jury is the one with the predilection to being "troublesome" at times.

In lieu of favoring the "but for" instruction, Oregon could leave it as an option in exceptional cases, but simply disfavor it, as have other jurisdictions. As the California Supreme Court reasoned:

"The deficiencies may mislead jurors, causing them, if they can glean the instruction's meaning despite the grammatical flaws, to focus improperly on the cause that is spatially or temporally closest to the harm.

"In contrast, the 'substantial factor' test, incorporated in [Book of Approved Jury Instructions (BAJI)] No. 3.76 and developed by the Restatement Second of Torts, section 431 (com. to BAJI No. 3.76) has been comparatively free of criticism and has even received praise. 'As an instruction submitting the question of causation in fact to the jury in intelligible form, it appears impossible to improve on the Restatement's "substantial factor [test.]"' (Prosser, *Proximate Cause in California*, * * * 38 Cal.L.Rev. 369, 421 [(1950)].) It is 'sufficiently intelligible to any layman to furnish an adequate guide to the jury, and it is neither possible nor desirable to reduce it to lower terms.'

"* * * * *

"Not only does the substantial factor instruction assist in the resolution of the problem of independent causes, as noted above, but '[i]t aids in the disposition * * * of two other types of situations which have proved troublesome.'* * * Thus, '[t]he substantial factor language in BAJI No. 3.76 makes it the preferable instruction over BAJI No. 3.75 (*Maupin v. Widling*, * * * 192 Cal App 3d 568, 575, 237 Cal Rptr 521 [(1987)].)'"

*Mitchell v. Gonzales*, 54 Cal 3d 1041, 1052-53, 819 P2d 872, 878-79 (1991).

Reversing our order of preference—giving the substantial factor instruction in all but the exceptional case, is not foreclosed by *Joshi*. *Joshi*'s pronouncement that "[t]he 'but-for' test for causation, * * * applies to the majority of cases" was in response to the plaintiff's argument in that case that, as a legal concept, "the 'reasonable probability' causation standard has been superseded by the 'substantial factor' standard." *Joshi*, 342 Or at 162, 159. The *Joshi* court was not asked, and never considered, whether, on the practical matter of plainly instructing a jury, the substantial factor

instruction should be preferred. Accordingly, while there is resolution about whether substantial factor causation, as a legal concept, supplanted "but for" causation in Oregon, the issue of how we should best instruct a jury on factual causation remains unresolved.

Despite the concerns raised in this concurrence, I agree with the majority that the judgment in this case should be affirmed. Faced with a request for both the "but for" and "substantial factor" instructions, I cannot find reversible error in the trial court's decision to deny the request.

I respectfully concur.