Argued and submitted on September 30, 2022, decision of Court of Appeals and judgment of circuit court affirmed February 24, 2023

Roberta HAAS
and Kevin Haas,
*Petitioners on Review,*

*v.*

THE ESTATE OF MARK STEVEN CARTER
and State Farm Mutual Automobile
Insurance Company,
*Respondents on Review,*

*and*

Gerald CAMPBELL,
*Defendant.*

(CC 16CV24579) (CA A169932) (SC S069255)

525 P3d 451

Plaintiffs filed a negligence action against defendants after they sustained injuries that they alleged had resulted from defendant Carter's negligence when he drove into and struck their stopped car. At trial, plaintiffs submitted a written request for a but-for causation jury instruction and a substantial factor instruction; the trial court delivered only the but-for instruction. The jury returned a verdict for defendants, and plaintiffs appealed, contending that they were entitled to the substantial factor instruction. The Court of Appeals affirmed. *Held*: The trial court did not commit legal error when it declined to give the substantial factor instruction, because the but-for instruction correctly describes the necessary cause-in-fact relationship in most cases, even those that involve multiple causal factors.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

On review from the Court of Appeals.*

Kathryn H. Clarke, Portland, argued the cause and filed the briefs for petitioners on review.

Ralph C. Spooner, Spooner & Much PC, Salem, argued the cause and filed the brief for respondent on review State Farm Mutual Automobile Insurance Company. Also on the briefs was David E. Smith, Salem.

_____
* Appeal from Multnomah County Circuit Court, Jerry B. Hodson, Judge. 316 Or App 75, 502 P3d 1144 (2021).

Leslie A. Kocher-Moar, MacMillan Scholz & Marks PC, Portland, argued the cause and filed the brief for respondent on review Estate of Mark Steven Carter.

Travis Eiva, Eiva Law, Eugene, filed the brief for *amicus curiae* Oregon Trial Lawyers Association.

Lindsey H. Hughes, Keating Jones Hughes PC, Portland, and Janet M. Schroer, Hart Wagner LLP, Portland, filed the brief for *amici curiae* Oregon Association of Defense Counsel, American Property Casualty Insurance Association, American Tort Reform Association, and Chamber of Commerce of the United States of America.

Before Flynn, Chief Justice, and Duncan, Garrett, and DeHoog, Justices, and Balmer and Walters, Senior Judges, Justices pro tempore.**

WALTERS, S. J.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

---

** Nelson, J., did not participate in the decision of this case. Bushong and James, JJ., did not participate in the consideration or decision of this case.

**WALTERS, S. J.**

In this negligence action, we conclude that the trial court did not err in instructing the jury on the causation element of plaintiffs' claims. Although our reasoning varies from that of the Court of Appeals, we affirm its decision, *Haas v. Estate of Mark Steven Carter*, 316 Or App 75, 87-88, 502 P3d 1144 (2021), and the judgment of the circuit court.

## FACTUAL BACKGROUND

In 2014, plaintiffs' stopped car was struck by a car driven by defendant Carter.[1] Plaintiffs brought this negligence action against defendants, seeking to recover economic and noneconomic damages.[2] At trial, one of the primary issues was whether Carter's driving was a cause-in-fact of the injuries that plaintiffs alleged.

Plaintiff Roberta Haas alleged that, as a result of Carter's negligence, she suffered injuries to her neck and back and required medical treatment, including surgery. Shortly after the collision, Roberta Haas began to experience neck and back pain. Several months later, she was still experiencing significant pain, and she consulted an orthopedic surgeon. In 2015, Haas underwent a lumbar fusion. At trial, the orthopedic surgeon testified that, prior to the collision, Haas had had an "extensive cervical and lumbar physical history," including a bout of osteomyelitis in her neck in 2010 that had led to extensive neck surgery. She also had had a cervical fusion which had left her with what her surgeon considered "an infirm condition." The orthopedic surgeon testified that the surgery performed in 2015 was attributable to the 2014 collision, but he also stated that, prior to the collision, Haas's spine was already "a mess" and that anything, even a sneeze, could have made Haas symptomatic.

---

[1] Carter died after plaintiffs filed suit, and his estate was substituted as defendant. We use the name Carter throughout this opinion to refer to the deceased individual and his estate.

[2] Plaintiff Roberta Haas also named as a defendant her insurer, State Farm Mutual Automobile Insurance Company, whom she sued for breach of contract, alleging that State Farm had failed to pay all the personal injury protection (PIP) benefits that were due. No issues from that claim are before the court.

Plaintiff Kevin Haas also alleged injury to his neck and the need for medical treatment, including surgery. After the 2014 collision, Kevin Haas noticed soreness in his neck, and, a couple of months later, he received physical and massage therapy, which appeared to improve his condition. However, in 2017, Haas was still suffering pain and underwent neurosurgery, which disclosed a partially healed tear in the casing of a spinal cord disc that was consistent with the date and mechanism of the injury that he had sustained in the 2014 collision. At trial, the neurosurgeon attributed Haas's neck problems and the need for surgery to the collision but also testified that annular tears are not uncommon, and that they frequently occur due to age and degeneration.

At trial, plaintiffs submitted a written request for two uniform jury instructions on the issue of causation:

"§ 23.01—Causation—'But For'

"The defendants' conduct is a cause of the plaintiffs' injury if the injury would not have occurred but for that conduct; conversely, the defendants' conduct is not a cause of the plaintiffs' injury if that injury would have occurred without that conduct.

"§ 23.02—Causation—'Substantial Factor'

"Many factors may operate either independently or together to cause injury. In such a case, each may be a cause of the injury even though the others by themselves would have been sufficient to cause the same injury.

"If you find that the defendants' act or omission was a substantial factor in causing the injury to the plaintiff, you may find that the defendants' conduct caused the injury even though it was not the only cause. A substantial factor is an important factor and not one that is insignificant."

The trial court delivered the but-for instruction but rejected plaintiffs' request for the substantial factor instruction—stating, in part, that that instruction applies only "when you have multiple actors potentially at the same time."

In addition to the but-for causation instruction, the court delivered the following instruction on damages for a previous infirm condition:

"§ 70.06—Damages—'Previous Infirm Condition'

"If you find that a plaintiff had a bodily condition that pre-disposed him or her to be more subject to injury than a person in normal health, nevertheless the defendant would be liable for any and all injuries and damage that may have been suffered by the plaintiff as the result of the negligence of the defendant, even though those injuries, due to the prior condition, may have been greater than those that would have been suffered by another person under the same circumstances."

The jury returned a verdict for defendants.

Plaintiffs appealed, arguing that they were entitled to the substantial factor instruction and that the trial court committed prejudicial error when it delivered only the but-for instruction to the jury. Plaintiffs contended that, because the jury was "confronted with multiple possible causes of plaintiffs' back and neck problems," it should have been given the substantial factor instruction to determine whether defendant Carter's collision was a "substantial or important factor in causing the injuries plaintiffs suffered[.]" In response, defendants disputed that there was evidence that multiple causes had acted concurrently to bring about plaintiffs' injuries and argued that preexisting conditions are not concurrent causes of injury; rather, they "are the predicate for susceptibility to injury or for aggravation of prior injury."[3]

The Court of Appeals began its analysis by agreeing with plaintiffs that the use of the substantial factor instruction need not be limited to cases in which there are multiple tortfeasors. *Haas*, 316 Or App at 83-84. Citing this court's decision in *Joshi v. Providence Health System*, 342 Or 152, 149 P3d 1164 (2006), the court reasoned that "any cause of a plaintiff's injury should be considered as part of the

---

[3] Defendants also set out alternative preservation arguments. With respect to plaintiff Kevin Haas, they argued that he did not preserve his argument because plaintiffs' counsel's arguments at trial in support of the substantial factor instruction "related solely to the evidence presented on [Roberta] Haas'[s] claims." With respect to plaintiff Roberta Haas, defendant State Farm argued that she had failed to preserve any error relating to her breach of contract claim against State Farm. The Court of Appeals did not address those alternative arguments.

causal analysis[,] whether or not that cause was the result of a negligent act." *Haas*, 316 Or App at 84. Nevertheless, the Court of Appeals concluded that the substantial factor instruction was not required in this case, because plaintiffs had not adduced evidence that there were multiple potential causes of their injuries. *Id.* The court cited cases in the workers' compensation context where it had differentiated between conditions that make a person more susceptible to injury—"susceptibilities" that increase the likelihood of injury but that do not actively contribute to damaging the body—and those conditions, "causes," that actively contribute to a disability or need for treatment. *Id.* at 85-86 (citing *Corkum v. Bi-Mart Corp.*, 271 Or App 411, 422-23, 350 P3d 585 (2015); *SAIF v. Dunn*, 297 Or App 206, 217-18, 439 P3d 1011, *rev den*, 365 Or 557 (2019)).

The Court of Appeals applied that workers' compensation paradigm to conclude that, in a negligence case, a plaintiff's underlying condition can be the cause of the plaintiff's injury only when the condition actively contributes to causing the injury. *Haas*, 316 Or App at 86. In this case, the court explained, plaintiffs "ha[d] not identified anything other than defendant Carter's negligent driving that caused their injuries" and had not provided specific evidence showing a "causal link" between their underlying conditions and the injuries for which they sought treatment. *Id.* at 87. The court said that "[e]vidence that plaintiffs' underlying conditions made them more susceptible to injury" was not enough to show that the trial court erred in declining to deliver the substantial factor instruction. *Id.*

This court allowed plaintiffs' petition for review.

ANALYSIS

In this court, plaintiffs agree with the Court of Appeals that delivery of a substantial factor instruction is not limited to circumstances in which there are multiple tortfeasors but disagree that, to be entitled to that instruction, they must establish that some other factor "actively" contributed to their injuries. Plaintiffs argue that, whenever multiple factors may have contributed to a plaintiff's injuries, the trial court should deliver a substantial factor instruction.

Defendants counter that, in most circumstances, a but-for instruction correctly describes that necessary causal link and that this case does not encompass one of the exceptional instances in which a substantial factor instruction would be required.[4]

In considering the parties' arguments, we begin with the principles that govern the causation element of plaintiffs' negligence claims. As we explained in *Lasley v. Combined Transport, Inc.*, 351 Or 1, 6-7, 261 P3d 1215 (2011), that element is a purely factual matter distinguished from concepts of "proximate cause," "legal cause," and "fore-seeability":

> "This court has abolished not only the terms but also the concepts of 'proximate' and 'legal' cause. *Oregon Steel Mills, Inc. v. Coopers & Lybrand, LLP*, 336 Or 329, 340, 83 P3d 322 (2004); *Simpson v. Sisters of Charity of Providence*, 284 Or 547, 555, 588 P2d 4 (1978); *McEwen v. Ortho Pharmaceutical*, 270 Or 375, 385 n 7, 528 P2d 522 (1974). When a defendant's negligence is a factual cause of harm to the plaintiff, the defendant is subject to liability to the plaintiff as long as the harm that the plaintiff suffered was a reasonably foreseeable result of the defendant's negligence. *Fazzolari v. Portland School District No. 1J*, 303 Or 1, 17, 734 P2d 1326 (1987). Thus, the concept of causation (determined as a purely factual matter) is a separate concept from that of liability (determined by foreseeability and not by 'proximate' or 'legal' cause)."

"[C]ausation in fact" is established when "someone examining the event without regard to legal consequences would conclude that the allegedly faulty conduct or condition in fact played a role in its occurrence." *Sandford v. Chev. Div. Gen. Motors*, 292 Or 590, 606, 642 P2d 624 (1982). As one treatise puts it, and we agree, factual causation "is not a quest for a *sole* cause. Probably it cannot be said of any event that it has a single causal antecedent; usually there are many." Fowler V. Harper, Fleming James, Jr., & Oscar S. Gray, 4 *Harper, James and Gray on Torts* § 20.2, 100 (3d

---

[4] Defendant State Farm also reprises the alternative preservation argument that it made in the Court of Appeals regarding the breach of contract claim brought by plaintiff Roberta Haas. Like the Court of Appeals, we do not address that argument.

ed 2007) (emphasis in original). To determine whether a defendant's negligence is *one of many* potential causes of a plaintiff's harm, courts commonly use what is referred to as a "but-for" test. *Id.* That test asks, as did the instruction given in this case, whether the plaintiff's injury would have occurred but for the defendant's negligence. If the plaintiff's injury would not have occurred but for the defendant's negligence, then the defendant's negligence is a cause of the injury.[5]

As discussed in *Harper, James and Gray on Torts*, a but-for instruction is not intended to tell a jury—and, by its terms, does not tell a jury—that a defendant's conduct must be the *only* or even the *predominate* cause of the plaintiff's injury. Other authorities agree:

> "It is by no means true that the but-for test reduces everything to a single cause. In fact, there are always many causes that meet the but-for test, some represented by negligent conduct, some not. A negligently fells a tree; to get around it, B walks into the street; C, driving a car, hits his brake to avoid running into B; D, a passenger is thrown into the windshield. As a pure matter of factual cause, the conduct of A, B, and C are all causes of D's harm. Without A's conduct, none of this would have occurred and the same can be said of the conduct of the others."

Dan B. Dobbs *et al.*, 1 *The Law of Torts* § 186, 625-26 (2d ed 2011) (footnotes omitted); *accord* W. Page Keeton *et al.*, *Prosser and Keeton on The Law of Torts* § 41, 266 (5th ed 1984).

There is, however, at least one situation in which a but-for instruction will not work. That situation occurs "[i]f two causes concur to bring about an event, and either one of them, *operating alone*, would have been *sufficient* to cause the identical result[.]" Keeton, *Prosser and Keeton on The Law of Torts* § 41 at 266 (emphases added). If, for example, two defendants negligently set fires that combined to burn the plaintiff's barn, but each fire alone would have

---

[5] Of course, a defendant whose conduct is a but-for cause of the plaintiff's injury is not necessarily liable for those injuries. The plaintiff also must prove the other elements of a negligence claim—that the defendant was negligent and that the injuries caused by the defendant were foreseeable.

been sufficient to burn the barn, then, applying the but-for instruction, either defendant could claim that that defendant's conduct was not a cause of the barn's destruction; even if that defendant had not set the fire, the other defendant's action would have destroyed the barn. Because the plaintiff could not prove that the barn would not have burned but for the act of either defendant, the plaintiff would not be able to prove causation. The but-for instruction would effectively shield both defendants from liability for the plaintiff's loss, even though, as a legal matter, the causal relationship between each defendant and the plaintiff would have been otherwise sufficient to impose liability. *See* Dobbs *et al.*, 1 *The Law of Torts* § 189 at 631-32. The substantial factor test was developed primarily for that circumstance—the situation in which the concurrent conduct of two or more causes combine to create an injury, and either one of those causes, operating alone, would have been sufficient to produce the same result. Keeton, *Prosser and Keeton on The Law of Torts* § 41 at 268; Harper, 4 *Harper, James and Gray on Torts* § 20.2 at 100-01.[6] In the scenario described above, the substantial factor test would better instruct the jury on the causal relationship necessary to establish the defendants' liability.

This court discussed that very scenario in *Joshi*. In that case, the propriety of a particular jury instruction was not at issue; the question before the court was whether the plaintiff had adduced sufficient evidence to prove that the defendants' failure to diagnose and treat the decedent's stroke had caused the decedent's death within the meaning of the wrongful death statute, ORS 30.020. 342 Or at 155, 163-64. The plaintiff's expert had testified that the defendants'

---

[6] Keeton provides additional examples of circumstances in which the substantial factor test should be applied instead of the but-for rule, including the following:

"Two motorcycles simultaneously pass the plaintiff's horse, which is frightened and runs away; either one alone would have caused the fright. A stabs C with a knife, and B fractures C's skull with a rock; either wound would be fatal, and C dies from the effects of both. *** In such cases it is quite clear that each cause has in fact played so important a part in producing the result that responsibility should be imposed upon it; and it is equally clear that neither can be absolved from that responsibility upon the ground that the identical harm would have occurred without it, or there would be no liability at all."

Keeton, *Prosser and Keeton on The Law of Torts* § 41 at 266-67 (footnotes omitted).

failure had deprived the decedent of a 30 percent chance of surviving a stroke, but not that the defendants' failure had caused the decedent's death. Therefore, this court concluded, the plaintiff had not made out the causation element of a wrongful death claim. *Id.* at 164. Although that holding does not control our analysis here, the court's discussion of the reason for both the but-for and the substantial factor instructions of causation is helpful.

In *Joshi*, the court recognized the situation in which two causes concur to cause an event, and either, operating alone, would have been sufficient to cause the identical result and quoted Keeton for the proposition that "'[[t]he substantial factor formula] is an improvement over the 'but for' rule for this special class of cases.'" 342 Or at 161 (quoting Keeton, *Prosser and Keeton on The Law of Torts* § 41 at 267). Thus, we explained, the substantial factor standard "has not supplanted" the but-for standard of causation; rather, "the two standards apply to different types of negligence cases." *Id.* at 162.

Plaintiffs read *Joshi* as placing all multiple tortfeasor cases in the substantial factor bucket and contend that all multiple causation cases should be placed there as well. Plaintiffs argue that there is a "need" for a substantial factor instruction whenever evidence of multiple causal factors is adduced. In that circumstance, plaintiffs argue, a but-for instruction should not be used, because it incorrectly indicates that a defendant cannot be held liable unless the defendant's conduct was the sole or predominate cause of the plaintiffs' injuries.

In delving into those arguments, a few preliminary notes are important. First, in this case, plaintiffs proffered both a but-for instruction and a substantial factor instruction. They did not argue, however, that both were required or that the substantial factor instruction was required to supplement the but-for instruction, and they now seem to take the position that the court was required to choose between them. Second, the parties understand the difference between the two instructions to hinge on whether the jury is informed that, to find causation, the jury must find that the alleged harm would not have occurred absent the

defendant's conduct; they make their arguments accordingly. That is the distinction on which we too will focus, but we note that when a party requests an instruction, its particular wording may be important in any legal analysis, depending, of course, on any objection a party makes.

Starting, then, with plaintiffs' argument from *Joshi*, we think it important to emphasize that its holding was specific to the interpretation of the wrongful death statute and does not control our analysis here. Nevertheless, *Joshi* includes two statements with which we agree and that also bear emphasis: The substantial factor standard "has not supplanted" the but-for standard of causation and "the two standards apply to different types of negligence cases." *Id.* at 162. We understand plaintiffs' contention to be that *Joshi* also stands for the proposition that the substantial factor standard applies, and consequently that a substantial factor instruction should be given, in all multiple tortfeasor cases. That is not how we read *Joshi*.

In *Joshi*, this court discussed earlier cases that referred to the causation "standard" as a substantial factor standard, but, in all but one of those cases, the issue was the sufficiency of evidence, and, in holding that the plaintiffs had established the causation element, the court did not distinguish between but-for and substantial factor causation. 342 Or at 159 (citing, *e.g.*, *Stewart v. Jefferson Plywood Co.*, 255 Or 603, 606, 469 P2d 783 (1970) (where this court determined that there was "sufficient evidence" to establish causation-in-fact between the defendant's conduct and the plaintiff's injury)). As the court pointed out in *Joshi*, those two standards "produce the same result in most cases," *id.* at 162, and a general statement describing the factual inquiry as one about whether an actor's conduct was a substantial factor in producing a plaintiff's harm does not negate the use of a but-for analysis to make that determination.

We also part ways with plaintiffs in their understanding that, in citing *McEwen v. Ortho Pharmaceutical*, 270 Or 375, 528 P2d 522 (1974), *Joshi* stands for the proposition that the substantial factor standard rather than the but-for standard applies in all instances in which there are multiple tortfeasors. *Joshi*, 342 Or at 160 (citing *McEwen*,

270 Or at 407-21). In *McEwen*, the plaintiff alleged that her combined use of oral contraceptives that were manufactured by two pharmaceutical companies had resulted in her injuries. 270 Or at 381. This court held that the trial court had correctly permitted the jury to decide whether each company was negligent and whether the negligence of each was a cause-in-fact of the plaintiff's injuries. The court said:

> "The respective liability of multiple defendants depends upon whether the negligence of each was a substantial factor in producing the complained of harm. If both Syntex and Ortho [(defendants)] were negligent and their negligence combined to produce plaintiff's injuries, then the negligence of Ortho was concurrent with that of Syntex and does not insulate Syntex from liability. *Hills v. McGillvrey*, 240 Or 476, 402 P2d 722 (1965). This is true although the negligent omissions of each defendant occurred at different times and without concerted action. *Kuhns v. Standard Oil Co.*, 257 Or 482, 478 P2d 396 (1971). *See also Murray v. Helfrich*, 146 Or 602, 30 P2d 1053 (1934). Nor is it essential to Syntex's liability that its negligence be sufficient to bring about plaintiff's harm by itself; it is enough that Syntex substantially contributed to the injuries eventually suffered by Mrs. McEwen. *See Escobedo v. Ward*, 255 Or 85, 464 P2d 698 (1970)."

270 Or at 418. In so stating, we did not reject the use of a but-for instruction or hold that a substantial factor instruction is preferable. We restated the concept that there may be many causes of a plaintiff's harm and that, when multiple tortfeasors contribute to that harm, all may be held liable for it: When an injury would not have occurred without the combined negligence of many, the negligence of each is a but-for cause of the resulting injury. That was the circumstance alleged in *McEwen* and the cases on which the court relied in *McEwen*.[7] In *Joshi*, we did not hold that a substantial factor analysis or instruction is required or preferable to a but-for analysis or instruction in all cases in which two or more tortfeasors act concurrently to bring about a plaintiff's

---

[7] In *Hills*, for example, the decedent's death involved the negligence of multiple parties, including an "Auto Parts" store and a mechanic. 240 Or at 479-80. This court determined that, if both the mechanic and the Auto Parts store were negligent, and their combined negligence produced the result, then both could be held liable for the decedent's death. *Id.* at 483.

injury, and it is incorrect to read that case or its citation to and discussion of *McEwen* for that proposition.[8]

In *Joshi*, this court did, however, discuss another case that has a more direct bearing on the one before us— *Simpson v. Sisters of Charity of Providence*, 284 Or 547, 549, 588 P2d 4 (1978). There, the plaintiff fell while working, landing on his neck and shoulders. He was taken to a hospital, where, he claimed, x-ray technicians were negligent in failing to take adequate x-rays of his cervical thoracic junction. The plaintiff alleged that adequate x-rays would have disclosed a fracture and that the failure to identify that fracture caused him to suffer further injury when a physician who was unaware of it asked the plaintiff to sit on his hospital bed with his legs dangled over the side. *Id.* at 549-51. At trial, the defendant argued that the same result would have occurred even if the x-ray technicians had not been negligent and that it was entitled to a but-for instruction. The plaintiff requested a substantial factor instruction, which the trial court delivered. *Id.* at 560-61. The defendant appealed the jury's verdict for the plaintiff, and, on review, this court held that the trial court had not erred in instructing the jury:

_____

[8] As indicated in *Joshi*, that does not mean that a but-for instruction will always be appropriate in cases that involve multiple tortfeasors. In addition to the circumstance in which the concurrent acts of multiple tortfeasors are each sufficient to cause the injury, there may be other instances in which a but-for instruction will fail. Consider, for example, the "multiple-sufficient-causal-set" situation, whereby a tortfeasor's conduct is a factual cause of the plaintiff's harm even if that conduct requires other conduct to be sufficient to cause the harm. *Restatement (Third) of Torts* § 27 comment f (2010). The following is illustrative:

"When a person contracts a disease such as cancer, and sues multiple actors claiming that each provided some dose of a toxic substance that caused the disease, the question of the causal role of each defendant's toxic substance arises. Assuming that there is some threshold dose sufficient to cause the disease, the person may have been exposed to doses in excess of the threshold before contracting the disease. Thus, some or all of the person's exposures *may not have been but-for causes* of the disease. Nevertheless, each of the exposures prior to the person's contracting the disease (or the time at which the disease was determined * * *) *is a factual cause* of the person's disease[.]"

*Restatement (Third) of Torts* § 27 comment g (2010) (emphases added). In such a multiple-sufficient-causal-set situation, it may be appropriate to use an instruction that is specific to that situation rather than a typical but-for or substantial factor instruction. One alternative could be to inform jurors that to find causation, they must find the tortfeasors' acts to be "so related to an event that their combined conduct, viewed as a whole, is a but-for cause of the event." Keeton, *Prosser and Keeton on The Law of Torts* § 41 at 268.

> "Although the term 'substantial factor' is concededly not perfect, it and the instructions as a whole were sufficient to alert the jury that to find actual cause in this case they must find that the injury would not have occurred had the technicians taken proper x-rays. The instructions as given adequately presented the issue to the jury, and the trial court did not err in refusing to give the [defendant's] requested [but-for] instruction[.]"

*Id.* at 561.

   *Simpson* was not a case in which a but-for instruction would fail: It was not a case in which two causes concurred to bring about an injury, and either one of them, *operating alone*, would have been *sufficient* to cause the identical result. Nevertheless, this court upheld delivery of a substantial factor instruction, reasoning that "it and the instructions as a whole were sufficient to alert the jury that to find actual cause in this case they must find" that the defendant's conduct was a but-for cause of the injury. *Id.* Thus, although *Simpson* upheld delivery of a substantial factor instruction in an instance in which a but-for instruction would not have failed, it does not stand for the proposition that a substantial factor instruction is preferable to a but-for instruction and should be used in its stead. In fact, a but-for instruction may be clearer and therefore preferable to a substantial factor instruction in that it explicitly, rather than implicitly, informs a jury that negligent conduct is a cause of a plaintiff's injury when that injury would not have occurred absent the negligent conduct.

   In addition, a substantial factor instruction that informs a jury that, to find factual causation, it must find that a defendant's negligence was a "substantial" or "important" factor in causing the plaintiff's injury may be misleading. As the *Restatement (Third) of Torts* section 26 comment j (2010) points out, a substantial factor instruction may cause confusion because it can lead a jury erroneously to believe that it must search for a most significant causal factor, when that is not required. This court has made it plain that, in considering the factual cause element of a negligence claim, the jury is not to examine whether one defendant's causal role was relatively more important than that of another defendant. In *State v. Gerhardt*, 360 Or 629, 635, 385 P3d 1049 (2016), we explained that arguments about

the relative roles of multiple tortfeasors are more properly considered arguments about foreseeability than about factual causation:

> "When we use the term 'substantial factor' in the causation context, it refers to cases in which 'the negligence of multiple tortfeasors combines to produce harm,' and each tortfeasor may be liable as a factual cause of the injury. *Lasley*[, 351 Or at 6]. Defendant uses the term in a different sense, one that involves weighing the relative role of different causes in a chain of events and evaluating the extent to which the existence of the other causes attenuates the connection between an initial crime and resulting economic damages. As shown by our discussion of the issue in [*State v. Ramos*, 358 Or 581, 597-99, 368 P3d 446 (2016)], that is not a problem of causation; rather, it is addressed in the consideration of the foreseeability of the damages."

And in *Wright v. Turner*, 368 Or 207, 218-19, 489 P3d 102 (2021), this court explained that, when multiple defendants each play a role in causing a plaintiff's injuries, a court apportions the plaintiff's damages based on comparative fault rather comparative causation:

> "Under Oregon's comparative fault statutes, '[w]hen a trier of fact determines that multiple defendants were negligent and that the conduct of each was a cause-in-fact of the plaintiff's harm, the trier of fact is then required to determine the relative fault of the defendants and to apportion the plaintiff's damages between them on that basis.' *Lasley*[, 351 Or at 13] (citing ORS 31.605). Under those statutes, 'the liability of each defendant for damages awarded to plaintiff shall be several only and shall not be joint,' and the damages recoverable from each defendant is based on the percentage of fault as found by the trier of fact. ORS 31.610(1) - (2). Comparative *fault* is different than comparative *causation*. With comparative fault, the 'trier of fact is required to compare the degree to which each defendant deviated from the standard of care and is therefore "blameworthy"' and to express that departure as a percentage, which is then applied to apportion damages. *Lasley*, 351 Or at 13. Oregon's comparative fault statutes do not 'call for apportioning damages by quantifying the contribution of several causes that had to coincide to produce the injury.' *Sandford*, 292 Or at 606[.]"

(Footnote omitted; emphases in original.)

This court has been careful to distinguish factual or "actual" cause and legal or "proximate" cause. *Simpson*, 284 Or at 560; *Stewart*, 255 Or at 606. At least since *Fazzolari*, 303 Or at 13-14, this court has used the concept of foreseeability—not a consideration of the causal significance of a defendant's conduct—as a factor in evaluating the unreasonableness of the defendant's conduct and deciding whether that conduct is negligent and whether the defendant should be held liable for the injury that the defendant had a role in causing. *See Scott v. Kesselring*, 370 Or 1, 12, 513 P3d 581 (2022) ("[P]laintiff was required to establish that defendant's conduct 'unreasonably created a *foreseeable* risk to a protected interest of the kind of harm that befell the plaintiff.'" (Emphasis added.)). A substantial factor instruction should not be worded, understood, or used to shield a defendant from liability because that defendant's causal role is less significant than the role played by another tortfeasor or causative factor.[9]

In this case, of course, plaintiffs do not take issue with that aspect of a substantial factor instruction;[10] rather, they argue that a substantial factor instruction is required in all multiple causation negligence cases and that a but-for instruction does not suffice. Plaintiffs argue that a but-for instruction necessarily indicates that a defendant cannot be held liable unless the defendant's conduct was the sole or predominate cause of the plaintiffs' injuries.

As discussed above, we disagree. Most negligence cases include evidence of multiple causal factors, and in most cases, a but-for instruction correctly describes the necessary cause-in-fact relationship. A but-for instruction does

---

[9] Even in instances where a but-for instruction fails, a substantial factor instruction may not be the best way to instruct a jury on factual causation because of the ambiguity that it can create. *See, e.g.*, Keeton, *Prosser and Keeton on The Law of Torts* § 41 at 268 (recommending directly instructing the jury on multiple sufficient causes rather than using substantial factor instruction); *Restatement (Third) of Torts* § 27 comment b (2010).

[10] Plaintiffs also do not note that the substantial factor instruction that they submitted in this case could be understood as informing the jury that the instruction applies only in the instance in which a but-for instruction fails; that is, when two causes concurred to bring about an injury, and either one of them, *operating alone*, would have been *sufficient* to cause the identical result. So understood, that instruction would be inconsistent with the but-for instruction that plaintiffs also requested and therefore not applicable in this case.

not fail in every multiple causation case, nor does it implicitly tell a jury that it must find that the defendant's conduct was the sole or predominate cause of the alleged harm. We reject plaintiffs' argument that, in every multiple causation case, a trial court is required to give a substantial factor as opposed to a but-for instruction.

Turning then to the facts before us in this case, we find it significant that plaintiffs do not contend that this is one of the exceptional instances in which the but-for instruction fails; they do not contend, for instance, that this is a case in which two causes concurred to bring about an injury, and either one of them, *operating alone*, would have been *sufficient* to cause the identical result.[11] The most that plaintiffs seem to do to distinguish this case from the typical multiple cause case is to argue that causation is a particularly difficult concept when applied to preexisting conditions, noting that, in this case, defendants argued that plaintiffs' preexisting conditions, and not Carter's conduct, caused their injuries.

Plaintiffs correctly describe defendants' arguments. Defendants indeed argued that Roberta's spine was already a "mess," and that a sneeze could have caused her neck injury; they argued that Kevin's annular tear could have been caused by age or degeneration. It also is true that many people have preexisting conditions and that all are aging. But the mere fact that such conditions abound and often may contribute to a plaintiff's injuries does not mean that a trial court must use a substantial factor instruction to inform the jury about how to address that issue of multiple causation.

In many cases the defendants contend that their conduct did not play any role in causing a plaintiff's injury—that there was some other more likely cause. So, for instance, in a collision between A and B, resulting in injuries to B, A could argue that her failure to keep a look out did not

---

[11] Plaintiffs also do not challenge the clarity of the but-for instruction that they themselves proffered. They do not contend that, to be clear, the but-for instruction should have explicitly informed the jury that "many factors may operate either independently or together to cause injury," that "each may be a cause of the injury," and that it "may find that the defendant's conduct caused the injury even though it was not the only cause."

play a role in the collision—that the more likely cause was B's negligence in speeding and running a stop sign. A could argue that, even if she had kept a careful lookout, she could not have avoided the collision. And A could make the same argument if one of many potential causes of harm were nontortious. So, for example, if A had encountered black ice, she could argue that, even if she had kept a careful lookout, she could not have avoided the collision. In a typical multiple causation case, a defendant may seek to avoid liability by pointing to other potential causes of the plaintiff's injuries and claiming that the defendant's negligent conduct was not a cause of those injuries. But such an argument does not render a but-for instruction erroneous. As discussed, in most multiple cause cases, it is appropriate to instruct the jury that a defendant's conduct is a cause of injury if the injury would not have occurred but for the conduct.[12]

Preexisting conditions are nontortious factors that are subject to the same analysis.[13] A defendant is not precluded from arguing that a preexisting condition was the sole cause of the plaintiff's injury, and a jury is permitted to so find. It will be up to the jury to decide whether the

---

[12] The instances in which a but-for instruction fails may include instances in which nontortious conduct is a cause of harm. So, for example, if one fire is set by a tortfeasor and the other by lightening, and either, alone, would have been sufficient to burn the barn, then it would be incorrect to use the but-for instruction; a substantial factor instruction would be necessary to inform the jury that each may be a cause of the injury even though the others by themselves would have been sufficient to cause the same injury. *See* Dobbs *et al.*, 1 *The Law of Torts* § 189 at 632-33.

[13] In so concluding, we disagree with two related aspects of the reasoning of the Court of Appeals. First, we do not agree that a party is entitled to an instruction only if that party adduces evidence or makes an argument material to the requested instruction. A party may be entitled to an instruction that addresses an opposing party's evidence or argument. *See Hernandez v. Barbo Machinery Co.*, 327 Or 99, 106, 957 P2d 147 (1998) ("[T]he parties in a civil action are entitled to jury instructions on their theory of the case if their requested instructions correctly state the law, are based on the current pleadings in the case, and are supported by evidence."). Second, we do not agree that a plaintiff with preexisting conditions is not entitled to an instruction that informs the jury that many factors may operate either independently or together to cause an injury and that a defendant's conduct may be a cause of a plaintiff's injury even though it was not the only cause, unless the plaintiff shows that the plaintiff's preexisting conditions were "active" causes of injury. As discussed, nontortious conditions and circumstances may be one of many causes of a plaintiff's injuries without being "active" causes of those injuries, and a plaintiff may be entitled to an instruction so informing a jury.

defendant is correct, or, instead, that the plaintiff proved that it was more likely than not that the defendant's conduct also played a role. *See* 370 Or at 759 n 12.

In so reasoning, we consider, but are not persuaded by the concern expressed by *amicus* Oregon Trial Lawyers Association (OTLA) that a but-for instruction can wrongly be understood to undermine what is commonly referred to as the "eggshell skull" rule. That rule pertains to damages. It provides that, "when a defendant is liable for the *type* of harm that a plaintiff suffers, the defendant is liable for the entirety of that harm, even when the *extent* of that harm is not foreseeable." *Kesselring*, 370 Or at 17 (emphases in original).

OTLA's concern is that a jury could understand a but-for instruction as requiring a plaintiff to prove not only that the defendant's conduct contributed to the injury that the plaintiff sustained, but also that, "in a universe of possibility, the [preexisting condition] would not have otherwise caused the plaintiff to suffer the same or similar injury in another event." In so stating the problem, OTLA wrongly focuses on an issue that a plaintiff is not required to prove— that the same or a similar result would not have occurred *in another event*. The question for a jury is whether the injury that in fact occurred would have occurred when and as it did without the defendant's tortious conduct. The question is not whether the plaintiff would have suffered the same or similar injury in a different event.[14]

For example, if A drives negligently, killing B, the plaintiff in a wrongful death action does *not* have to prove that B *would not have died anyway*, in another event or at some other time—even if B was terminally ill and death was imminent. What the plaintiff does have to prove is that, but for A's negligent driving, B would not have died when B did. *See, e.g.*, *Kwasny v. U.S.*, 823 F2d 194, 196 (7th Cir 1987) ("However skeptical we might be as an original matter, we cannot gainsay the presence in the record ***

---

[14] In this case, plaintiffs did not argue to the trial court that the but-for instruction was misleading in that respect, or that the substantial factor instruction more clearly informed the jury that it was not to consider whether the plaintiffs' injuries were inevitable. Nor did plaintiffs propose an instruction explicitly providing that clarity. Accordingly, we do not address those issues.

that the perforation caused [decedent's] death in the sense that, but for the windpipe's being perforated, he would not have died when he did. Nothing more is required to place the district court's finding of causation beyond our legitimate power to revise. That a younger and more robust person would not have been fatally injured by the botched intubation is irrelevant[.]"); *Smith v. State Through Dept. HHR*, 523 So 2d 815, 820 (La 1988) ("In a situation where the patient dies, \*\*\* the plaintiff does not have to shoulder the 'unreasonable burden' of proving that the patient would have lived had proper treatment been given."); *Budd v. Erie Lackawanna R.R.*, 93 NJ Super 166, 172, 225 A2d 171 (NJ Super Ct 1966) ("Defendant would require that there be affirmative evidence on plaintiff's part that decedent would have lived if he had been given medical attention, and that he would not have died 'anyway.' *To require such expert prescience in the context of a heart case goes beyond the standard required \*\*\**. We must recognize that there can be no such medical certainty, for there are too many imponderables[.]" (Emphasis added.)).

That said, OTLA is correct to point out that the question of causation, no matter how phrased, requires consideration of hypothetical alternative conduct. *See Tomlinson v. Metropolitan Pediatrics, LLC*, 362 Or 431, 457, 412 P3d 133 (2018) ("Central to determining causation of harm is a comparison between what actually happened and what would have happened if the defendant had not engaged in the allegedly negligent conduct."). Suppose that a plaintiff is injured when a tree on the defendant's land falls during a windstorm. If the alleged negligence is the defendant's failure to brace the tree, the question at trial would be whether that conduct played a role in the plaintiff's injury. Evidence about how hard the wind was blowing and what happened to trees that were braced could be adduced, and the jury would be asked to consider whether the tree would have fallen on the plaintiff as it did, even if it had been braced.[15] *See* Dobbs *et al.*, 1 *The Law of Torts* § 189 at 636-37. Depending on the evidence adduced, a jury could find that the negligent

---

[15] The jury would *not* be asked to consider whether the plaintiff would have been similarly injured in another event, given the storm's violence and the other windblown objects that could have caused injury.

failure to brace did or did not play a role in the tree falling and determine causation accordingly. The jury will not, of course, ever know with certainty what would have happened in the absence of a defendant's negligence, and, consequently, evidence sufficient to establish causation may be difficult to adduce. But that problem does not mean that a trial court would err in instructing the jury using a but-for instruction. And, importantly, that problem of hypothetical alternatives is not unique to cases involving preexisting conditions. It is a problem inherent in determining causation, and, in our view, it is not a reason for this court to require a substantial factor instruction in all multiple causation cases.

Although we do not accept OTLA's argument on that point, we do want to acknowledge that its concern high-lights the subtle difference between a defendant's argument that the defendant is not liable for any injury to a plaintiff because the plaintiff's preexisting condition was the only cause of the plaintiff's injury and an argument that, even if the defendant's negligent conduct was a cause of the plaintiff's injuries, the defendant should not be held liable for the full extent of the injuries that the plaintiff incurred. Under the "eggshell skull" rule, a defendant whose conduct is a cause of a plaintiff's injuries will be responsible for the full extent of the injuries caused by that conduct, even though those injuries are greater than those that another person without a preexisting condition may have suffered. That those arguments are distinct and may be difficult in application is not, however, a reason to require a substantial factor causation instruction in every multiple causation case. Together, a but-for instruction on causation and a previous infirm condition instruction on damages may suffice.[16] For clarity, an instruction expressly telling the jury that "many factors may operate either independently or together to cause injury," and that it "may find that defendant's conduct caused the injury even though it was not the only cause" also could be helpful. And it also could be helpful to expressly tell the jury how to understand the relationship between causation and damages. For instance, in this case, it could have been helpful to instruct the jury that (1) even if it found

---

[16] As noted above, 370 Or at 745-46, in this case, the court gave the previous infirm condition instruction on damages.

that plaintiffs' preexisting conditions were a cause of their injuries, it could also find that defendant Carter's conduct was a cause of those injuries and hold defendants liable for those injuries; but that (2) in determining the amount of damages to award, the jury should award the damages permitted by the damages instructions.

Here, however, plaintiffs did not ask the trial court for such clarifying instructions, and their only argument in this court is that the trial court erred in declining to give the particular substantial factor instruction that they proffered. For the reasons given, we conclude that the trial court did not commit legal error.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.