No. 632　　　　　July 9, 2025　　　　　837

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Judith McATEE,
*Plaintiff-Appellant,*

*v.*

Christopher WALTON
and Slocum Orthopedics, PC,
*Defendants-Respondents.*

Lane County Circuit Court
19CV22955; A181108

Karrie K. McIntyre, Judge.

Argued and submitted May 28, 2025.

William J. Macke argued the cause for appellant. Also on the briefs were Matthew E. Zekala and Macke Frazier Law.

Hillary A. Taylor argued the cause for respondents. Also on the brief was Keating Jones Hughes, P.C.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Plaintiff appeals a judgment dismissing her medical negligence claim after a jury found defendants not negligent in the manner alleged by plaintiff. She raises three assignments of error on appeal. We affirm.

*First Assignment of Error.* Plaintiff first contends that the trial court erred in giving two jury instructions on the issue of whether defendants caused plaintiff's injuries. One of those instructed the jury that defendant's conduct causes injury "when there is a reasonable probability that the plaintiff would not have been injured but for the negligence of the defendant," and the other instructed the jury that "defendant's conduct is a cause of the plaintiff's injury if the injury would not have occurred but for that conduct."

Plaintiff argues that, instead of giving the "reasonable probability" and "but for" instructions, the trial court should have instructed the jury on the "substantial factor" causation test laid out by the Supreme Court in *Haas v. Estate of Mark Steven Carter*, 370 Or 742, 525 P3d 451 (2023).[1] That is so because, according to plaintiff, "[t]he facts in this case fit the substantial-factor test, where Plaintiff's injuries were caused both by her fall on April 4, 2017 and Defendants' subsequent delay in diagnosis and treating the injuries from that fall."

Plaintiff does not explain how the facts of her case fit the substantial factor test. Because plaintiff's argument is undeveloped, we decline to review it. *Zyst v. Kelly*, 338 Or App 597, 601, 566 P3d 1121 (2025); *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 701 n 2, 64 P3d 1193, *adh'd to as clarified*, 187 Or App 472, 68 P3d 259 (2003) (the court will not "develop a party's argument when that party has not endeavored to do so itself").

---

[1] The "substantial factor" test recognizes that "[m]any factors may operate either independently or together to cause injury. In such a case, each may be a cause of the injury even though the others by themselves would have been sufficient to cause the same injury." *Haas*, 370 Or at 745. The test instructs the jury: "If you find that the defendants' act or omission was a substantial factor in causing the injury to the plaintiff, you may find that the defendants' conduct caused the injury even though it was not the only cause. A substantial factor is an important factor and not one that is insignificant." *Id.*

*Second Assignment of Error.* Plaintiff next challenges the trial court's admission of certain of defendant's exhibits, the exclusion of one of plaintiff's exhibits, the trial court's decision to not allow plaintiff to recross examine defendant's expert witness, and the trial court's grant of defendants' motion for a directed verdict on plaintiff's requested acupuncture damages. Defendants argue that we should decline to review plaintiff's second assignment of error because it does not comply with ORAP 5.45.

We agree that plaintiff's second assignment of error is unreviewable. That is because the second assignment of error groups together various rulings by the trial court that each present different standards of review and different substantive legal questions. ORAP 5.45(2), (3), (5). "The grouping of a trial court's rulings under a single assignment of error hinders evaluation of each individual ruling on its merits and is a practice that should not be followed." *Landauer v. Landauer*, 221 Or App 19, 23-24, 188 P3d 406 (2008).

*Third Assignment of Error.* Finally, plaintiff argues that the trial court erred in denying her motion for a mistrial based on alleged mismanagement of the trial process. The mismanagement of trial alleged by plaintiff includes the trial court's overseeing of *voir dire* by calling prospective jurors in panels to ensure social distancing, striking a potential juror on defendants' for-cause challenge to that juror who expressed bias in favor of plaintiff, striking another juror on defendants' peremptory challenge even though that juror did not speak during *voir dire*, by changing the judge presiding over the trial a few days before the start of trial, and by delaying opening statements into day two of trial. Plaintiff argues in conclusory fashion that the alleged mismanagement of the trial process required the trial court to grant the mistrial, and that these and the alleged errors in her other assignments of error cumulatively prejudiced her right to a fair trial.

We review the denial of a motion for a mistrial for abuse of discretion. *Jett v. Ford Motor Co.*, 192 Or App 113, 123, 84 P3d 219 (2004). Under that standard, "we will not reverse the denial of a mistrial unless we can fairly say that

the impropriety that is the basis for the motion denied the adverse party a fair trial." *Id*. at 124. In the context of management of a trial, "a trial court generally possesses broad discretion to control the proceedings before it." *State v. Rogers*, 330 Or 282, 300, 4 P3d 1261 (2000) (citing ORS 1.010).

We have considered plaintiff's arguments alleging mismanagement of the trial process and conclude that the trial court did not abuse its discretion in managing the trial as it did. Plaintiff does not explain how the trial court's management of the trial process was an abuse of discretion; rather, she contends that the alleged mismanagement "served to prejudice Plaintiff's ability to present evidence and lacked any rational connection to valid concerns articulated by the court." Plaintiff's briefs also do not explain how any of the discretionary choices made by the trial court served to disadvantage plaintiff, either individually or cumulatively.

Plaintiff elaborated on that point at oral argument. She explained that she had two witnesses ready to testify at specific times during the second day of trial but lost them when *voir dire* went into the second day because the witnesses were available to testify only during their scheduled times on the second day. Any prejudice that plaintiff suffered as a result of absent witnesses could have been avoided by plaintiff making different scheduling choices or perpetuating the witnesses' testimony before trial. Indeed, the trial court postposed the trial date four times over concerns about witness availability given the changing landscape with COVID-19. *See e.g.*, Chief Justice Order No. 20-006 (Amended), ¶2(c) (March 27, 2020) (requiring all civil trials to be postponed to begin after June 1, 2020).[2] That plaintiff did not do so was not a result of the trial court's management of *voir dire*. Under those circumstances, we cannot conclude that the alleged mismanagement plaintiff argues deprived her of a fair trial.

Affirmed.

---

[2] Although this order was later superseded by subsequent orders easing restrictions, it was in effect at the time of the proceedings in this case and was one of many orders restricting courtroom operations in light of COVID-19 during the pendency of the case. The order is available at CJO-20-006 AmendedOrderImposingLevel3RestrictionsCourtOperations.pdf (accessed June 30, 2025).